## Dunlap *et al.* vs O'Bannon.

Error to the Garrard Circuit.

*Equities.   Substitution.   Sureties.*

Chancery.

*Case* 91.

Chief Justice Ewing delivered the opinion of the Court.

*May* 5.

The case stated.

Dunlap, as attorney at law, for Jackson, Laywell & Co. had recovered a judgment in their favor against Young as principal, and Burdett as his surety, and on the next day Young placed in his hands notes upon three other persons for collection, as collateral security for the judgment, with parol directions to Dunlap to apply the proceeds, when collected, towards the payment of the judgment. Dunlap gave his receipt to Young for the notes placed in his hands for collection. In about a month thereafter, Young assigned Dunlap's receipt to O'Bannon, and after the former had collected one of the notes, and when he was about to pay over the same to Jackson, Laywell & Co., O'Bannon applied to him as assignee of his receipt, for the money. He refused to pay the same, and O'Bannon filed the bill in this case, to coerce payment. In the mean time the greater part of the debt of Young to Jackson, Laywell & Co. was coerced from Burdett, the surety of Young. Dunlap filed his answer to O'Bannon's bill, resisting payment upon the grounds stated, which he makes a cross bill against O'Bannon and Burdett, and prays that they may interplead and settle their conflicting rights to the fund in his hand. Burdett answered the cross bill of Dunlap, alledging payment of Young's debt to Jackson, &c., as surety, and insisting upon his right to the fund in Dunlap's hands, by substitution to the creditor's prior equity.

The Circuit Court decreed the money collected to be paid, and the judgments upon the notes placed in Dunlap's hands for collection, and which were uncollected, to be assigned to O'Bannon, and Dunlap and Burdett have appealed to this Court.

Though the cross bill of Dunlap and the steps taken on it are irregular, informal, and insufficient, as a bill of

The placing of notes in the hands of an at-

DUNLAP, *et al.*
*vs*
O'BANNON.

torney at law as collector, as collateral security, to collect and pay upon a judgment against the person so delivering over the notes, creates an equity in favor of the judgment creditor which cannot be defeated by a transfer of the receipt of the attorney to a third person.—
—And a surety in the judgment has a right in equity, on paying off the judgment, to be substituted to the equity of the judgment creditor before the assignee of the receipt of the attorney.

interpleader, yet there is enough in the record to show that O'Bannon, as complainant, seeking to coerce the payment of the fund to himself, cannot succeed. The assignment of Dunlap's receipt for collection to him, is but the assignment of an equity, and the deposit of the notes in Dunlap's hands, to be collected and the proceeds applied towards the payment of Young's debt to Jackson, &c., created in the latter a *prior* equity, to which Burdett, Young's surety, upon payment thereof, had an equitable right to be subrogated, and being subrogated to all the rights and liens of the creditor, his equity was prior in time to the equity of O'Bannon and must prevail. It matters not that the terms of the deposit were not specified on the face of the receipt. O'Bannon acquired, by the assignment a mere equity, and took it subject to any prior equity which may have been created by Young. The deposit by parol agreement, was sufficient to create an equity in favor of Jackson, &c., and the proof of it by parol, is competent, being not contradictory to any thing on the face of the receipt.

Notice between mere equities is not, in the general required, and if it were, it was the duty of O'Bannon, as the means of guarding himself from imposition, to have inquired of Dunlap, in whose hands the notes were deposited, as to the terms upon which he held them.

The decree of the Circuit Court is reversed, and cause remanded, that O'Bannon's bill may be dismissed with costs, and a decree rendered in favor of Burdett for the funds in Dunlap's hands, after deducting Dunlap's fees as attorney.

*Robertson* for plaintiffs: *Stepherson* for defendant.