CONROY BROTHERS, INC., v. J. J. DUGGAN & BROTHER ET AL.

J. J. DUGGAN & BROTHER v. CONROY BROTHERS ET AL.

J. J. DUGGAN & BROTHER v. CONROY BROTHERS ET AL.

*Mechanics' liens—Sufficiency of sworn statement—Section 8324, General Code—Affidavit void if acknowledged before affiant's attorney—Section 11532, General Code—Arbitration provisions in building contract binding, when—Negligence in heating building—Coal confiscated by government during war.*

1. The affidavit of a subcontractor or materialman, filed for the purpose of securing a mechanic's lien under Section 8324, General Code, is rendered void and of no effect by Section 11532, General Code, where made before an officer who is attorney for the affiant.

2. A provision in a building contract, to the effect that all questions in dispute between the contracting parties shall be determined by a certain named architect, is binding upon the parties in the absence of fraud, dishonesty or collusion on the part of such arbiter.

3. One who agreed to heat a certain building during the winter months of 1917 will not be held for negligence in failing to heat the building, where it is shown that such failure was due to the fact that the country was at war and had assumed control over the shipment and distribution of coal, and that coal purchased for use in heating the building had been diverted by the government.

(Decided March 19, 1923.)

ERROR: Court of Appeals for Hamilton county.

APPEAL: Court of Appeals for Hamilton county.

*Mr. Joseph W. O'Hara*, for Conroy Brothers, Inc.

*Mr. W. W. Symmes* and *Mr. E. H. Jones*, for J. J. Duggan & Brother.

*Messrs. Pogue, Hoffheimer & Pogue*, for The Charles McCaul Company and The National Surety Company.

*Mr. Charles S. Bell*, prosecuting attorney, for the New Court House Building Commission and the Treasurer of Hamilton county.

CUSHING, J. This action was commenced by John J. and James J. Duggan, doing business under the firm name and style of J. J. Duggan & Brother, for the purpose of enforcing what they claim was a mechanic's lien that they filed under the provisions of Section 8324 of the General Code. They attempted to secure a lien on payments due or to become due to the McCaul Company or Conroy Brothers, Inc., funds for which the new Court House Building Commissioners of Hamilton county, Ohio, held. They made the individuals composing that Commission, Conroy Brothers, Inc., The Charles McCaul Company, a corporation, and numerous other parties, defendants.

They pleaded a contract between them and Conroy Brothers that was entered into June 26, 1916, by which they were to furnish and erect in place all metal furring and lathing on said building, the same to be to the satisfaction of Rankin, Kellog & Crane, architects in charge of putting up and building the structure; and they claim that under that contract there was due them from Conroy Brothers, Inc., the sum of $5,353.54, with interest from July 23, 1918, and they pray that the liens

be marshaled, their amounts determined, and that they have judgment against Conroy Brothers in the sum stated.

On July 23, 1918, they filed, by registered mail, an affidavit giving notice of a lien to be filed against the fund in the hands of such Building Commission. This affidavit was signed by J. J. Duggan, and verified before W. W. Symmes, notary public.

Conroy Brothers answered denying the claim of plaintiffs, and by cross-petition sought to recover a judgment against the Charles McCaul Company in the sum of $10,872.79, with interest from December 13, 1918. They also filed an affidavit for a lien.

The Charles McCaul Company answered, and by way of cross-petition against Conroy Brothers, Inc., stated a claim, and asked for judgment against Conroy Brothers for over-payment to that corporation on their contract, in the sum of $14,-351.67, with interest from February 1, 1919.

Other parties defendant answered, some that they had no claim, and many of them were dismissed.

In the trial in the Superior Court, Conroy Brothers, Inc., dismissed the members of the New Court House Building Commission, and county officials, and withdrew their lien.

At the conclusion of the trial the Superior Court entered judgment in favor of Duggan & Brother against Conroy Brothers for $4,691.40. It entered judgment in favor of the Charles McCaul Company against Conroy Brothers, Inc., for the sum of $15,866.02.

Duggan & Brother and Conroy Brothers, Inc.,

appealed the case to this court. Conroy Brothers, Inc., also prosecuted error proceedings to this court.

If these judgments are correct, there was no money in the hands of the Building Commissioners due Conroy Brothers, as they had been overpaid in a large sum, nor was there any money due from the McCaul Company, as it had paid out the money, and it is not claimed that it was guilty of fraud, collusion or any other act showing improper payment. As we view it, there not being any money in the Commission's hands Duggan & Brother could not have a lien on retained percentages under the original contract.

The first question for consideration is whether or not the case is properly before this court on appeal.

The appeal by Conroy Brothers, Inc., will be dismissed, as it withdrew its affidavit and any claim for lien on the trial of the case below.

If the case is here on appeal at all, it must be determined from the appeal of Duggan & Brother.

Section 8324, General Code, gives a subcontractor a right to a lien on filing an affidavit, as prescribed in the statute. The affidavit of Duggan & Brother states that they claim a lien on all payments due or to become due to the Charles McCaul Company, or Conroy Brothers, Inc., subcontractors under said contract, in accordance with above section of the statutes.

It is clear that an attempt was made to secure a lien on future payments due the McCaul Company and Conroy Brothers.

It is contended that as the affidavit of Duggan & Brother was verified by W. W. Symmes, Dug-

gan & Brother never had a valid lien on said fund, and it is not denied that W. W. Symmes for some time prior to the date of the affidavit had been the attorney for Duggan & Brother, that he was such at the time of the affidavit, and that he has been such ever since.

Sections 11522 and 11523, General Code, define an affidavit.

Section 11524 provides that an affidavit may be made in or out of the state before any person authorized to take depositions, and unless it is a verification of a pleading must be authenticated in the same way as a deposition.

Section 11532 provides that the officer before whom a deposition may be taken must not be a relative or an attorney of either party, or otherwise interested in the event of the action or proceeding.

In *Leavitt & Milroy Co.* v. *Rosenberg Bros. & Co.*, 83 Ohio St., 230, it was held that an affidavit in attachment cannot be made before a notary public who is the attorney for one of the parties to the action. See also *Ward* v. *Ward*, 20 C. C., 136; *Hunt* v. *Hunt*, 14 N. P. (N. S.), 521, and *Lyric Piano Co.* v. *W. H. Blinn & Co.*, 13 N. P. (N. S.), 521.

The statute requires that before a party can have a lien he must file an affidavit. The affidavit that was attempted to be filed in this case was void, and no lien could be predicated on it.

But if the affidavit was not void, Section 8324 *et seq.* of the General Code were construed in *In re Schilling*, 251 Fed. Rep., 966. In that case, the court said:

"These sections permit him to file with the

board, officer, or public authority with which the contract has been made within four months after furnishing labor and materials a sworn and itemized statement of the amount and value thereof. Upon receipt of this notice the board, officer, or public authority, or the authorized clerk or agent thereof, shall retain all subsequent payments due or to become due to the contractor to secure such claims. * * * It is sufficient to say that his remedy is exclusively against money due or to become due the contractor, and that no lien is given or authorized upon either the public highway or the equipment, materials, and supplies of the contractor assembled on the public highway. His rights are limited exclusively to the moneys due or to become due to the contractor. And it has also been held, and in my opinion correctly, that the lien thus acquired by giving such notice is subordinate to the right of the public authority to retain, control, and apply the reserve percentage, or any balance unpaid at the time of the contractor's default, in finishing the contract and in protecting the public authority from loss."

Under Section 6, Article IV of the Constitution, this court has jurisdiction on appeal in chancery cases only. Conroy Brothers having withdrawn their affidavit, and the affidavit of Duggan & Brother being void, there is no case here on appeal.

The appeal of Duggan & Brother is dismissed.

Considering the case on error, aside from the question of the weight of the evidence, two questions are for determination: First, the question raised by the provision in the contract with reference to the final determination of all matters in

dispute resting with Rankin, Kellog & Crane, the architects; Second, whether or not the McCaul Company is liable for its failure to heat the building in December, 1917, and January, February and March, 1918.

Duggan & Brother pleaded in their petition that the work was to be done to the satisfaction of Rankin, Kellog & Crane.

The contract between McCaul and Conroy Brothers specifically provided for the determination of all disputed questions by the architects.

In *Jones Co.* v. *Fath,* 101 Ohio St., 47, it was held that the decision of the arbiter, so designated, is binding upon the parties, unless it is shown by clear and convincing evidence that such decision was based on fraud, dishonesty or collusion.

See also *Ashley* v. *Henahan,* 56 Ohio St., 559; *Smith* v. *Copiah County,* 239 Fed., 425, and *Hoskins* v. *Powder Land & Irrigation Co.,* 90 Ore., 217, 176 Pac., 124. Numerous other cases might be cited.

It hardly seems necessary to argue, when parties enter into a written contract that specifically provides for the determination of all questions that may be in dispute by an agreed arbiter, that the parties are not bound by their contract, and particularly by that provision, unless excused by fraud, dishonesty or collusion on the part of such arbiter.

On the question made by Conroy that McCaul did not properly heat the building, it should be observed that Conroy was to complete the contract within five months after the receipt of notice to commence the work.

The first notice sent to Conroy by McCaul was

on June 28, 1917. This notice was repeated on July 12, and again on July 28, 1917.

The reason assigned by Conroy for not completing his contract within five months was that the entire building was not ready for his part of the work when he began. There is no provision in the contract, requiring that McCaul should have the entire building ready when Conroy began performance of his contract. The other excuse offered is that some of the work had to be gone over, on account of not having heat. The court will take judicial notice that in November and December, 1917, and for months thereafter, this country was at war with foreign countries, and that the government had assumed control over the shipment and distribution of coal. It is claimed by the McCaul Company that eight carloads of coal purchased by it for use in the new court house building were diverted by the government. McCaul, therefore, could not be held for negligence in failing to heat the building.

The only other question is the weight of the evidence.

We have read the record and the numerous voluminous briefs of counsel. It would not serve any good purpose to discuss with particularity the detailed evidence on the questions presented. In fact such a discussion would extend this opinion to an unwarranted length. It is sufficient to say that the trial court saw the witnesses and heard much evidence on each question involved, and that the record, like the briefs in this court, is voluminous to an extent that shows the most painstaking care by counsel on every phase of the case.

On the record we are of the opinion that the

judgment is not manifestly against the weight of the evidence.

*Judgment affirmed.*

BUCHWALTER and HAMILTON, JJ., concur.