## CLEVELAND BUILDERS SUPPLY AND BRICK CO v SCHWARTZ et.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No 9781. Decided June 11, 1929

Griswald, Green, Palmer & Hadden, Cleveland, for Bldrs. Supp. Co.

Wilbur T. Smith, Esq., Cleveland, Depew C. Freer, Esq., and William F. Waldeisen, Esq., Cleveland for Schwartz.

Judges JUSTICE & HUGHES (3rd Dist.) and MAUCK (4th Dist.) sitting

HUGHES, J.

The Tregenne Sheet Metal and Furnace Company failed to prepare an affidavit required by **8312 GC** of a subcontractor and serve notice thereof either upon the owner or head contractor.

The law of this district, touching this issue, is settled by the decision of the Cuyahoga County Court of Appeals in the case of **Gannon vs. Potter and Teare Company, 30 O. C. A. 566,** adverse to the claimed lien of this defendant company and hence our judgment must be against The Tregenna Sheet Metal and Furnace Company.

The lien of the defendant The Gerspacher Plumbing and Heating Company is resisted solely upon the claim that the same is void because the affidavit for lien was sworn to before a Notary Public who was also the attorney for the claimant.

With this position we are not in accord. We are unable to formulate what would seem to us any reasonable argument requiring the application of the principle that an attorney for a party in an action or proceeding shall not act as notary in administering his client's oath to an affidavit to be used in such action or proceeding, to all cases where attorneys as notaries have sworn their clients to affidavits on chattel mortgages, on affidavits for liens, or powers of attorney, acknowledgements to deeds, mortgages, leases and the like.

We have reviewed the cases found in Corpus Juris and Ruling Case Law under the title of "Affidavits" and conclude that the rule established by the vast weight of authority is that only where the affidavit is to be used in a sense as evidence in an action or proceeding is it invalidated by the fact that it was sworn to before an officer who was also the attorney for affiant.

Holding these views our judgment is here for the defendant, The Gerspacher Plumbing and Heating Company.

Inasmuch as our judgment here pronounced is in conflict with the judgment of the Hamilton Court of Appeals, reported in the case of **Conroy Bros. vs. Duggan, 17 App. 429,** we make this finding of conflict also and certify this case to the Supreme Court.

Justice and Mauck, JJ, concur.

## WOOD-NASH MOTOR CO v MIDLAND ACCT CORP

Ohio Appeals, 9th Dist, Summit Co.

No 1636. Decided June 7, 1929

Lee J Meyers, Akron, for Wood-Nash Co.
H. H. Sprigle, for Midland Acct Corp.

Syllabus by WASHBURN, J.

A copy of a chattel mortgage, filed with the county recorder but not recorded, which has been duly certified by such officer, is not prima facie evidence of the due execution of such instrument or of the matters set forth therein.

(Editor's Note) This opinion will be published in full, in other Ohio Publications. For citations, watch the **Omnibus Index.**