*64
 
 Day, J.
 

 The question as to whether or not there was a new contract between Lawyer and Evans with regard to the papering is a question of fact which both courts below passed upon adversely to plaintiffs in error; and, as this court does not review questions of fact, but only examines the evidence for the purpose of seeing whether there is any evidence in the case to support the judgment in question, we will not disturb the findings of the courts below upon that ground.
 

 As to the claimed estoppel, the opinion of the Court of Appeals contains the following:
 

 “Second. Was the plaintiff barred by reason of an agreement, Plaintiff’s Exhibit 1, from perfecting his mechanic’s lien against the property in question?
 

 “We think not.
 

 “Among other things, defendant, Evans, agrees,
 

 “2. ‘That he will not sell, exchange, or otherwise dispose of any property aforesaid, without the concurrence therein of said committee, namely, W. A. Kumler, W. F. Kern and E. D. Howard.’
 

 “It is established that he did not observe this obligation in the exchange of his property for that of defendant, McDonald. Defendant, McDonald, testifies that he knew of this agreement and insists upon the benefits accruing to him thereunder. He, therefore, is required to take notice of the obligation resting upon Evans to have the concurrence of this committee concerning any deal wherein defendant, McDonald, was to receive the property of defendant, Evans. Inasmuch as he disregarded the agreement in this particular he is estopped to invoke its protection. ’ ’
 

 This conclusion of the Court of Appeals rests upon
 
 *65
 
 its evidentiary finding that the trustees named in Exhibit 1 had not consented to Evans’ sale to McDonald. While Evans mates denial of this, the court found against this claim; and upon conflicting claims, it not being our province to weigh the evidence, we are not disposed to disturb the legal conclusion upon the question of estoppel reached by the Court of Appeals.
 

 We therefore reach the question upon which this cause was certified to this court for determination, which may be stated as follows: Is the defendant in error’s mechanic’s lien invalid because his attorney, as a notary public, swore him to the preliminary affidavit provided for in Section 8312, General Code, which in substance provides that the original contractor, whenever any payment of money shall become due from the owner, shall make out and give to the owner a statement, under oath, showing the name of every laborer in his employ who has not been paid in full, and the name of every subcontractor in his employ and of every person furnishing machinery, material, or fuel, and giving the amount, if any, which is due or to become due thereon.
 

 Section 8314, General Code, provides that every person, whether a contractor, subcontractor, materialman, or laborer, who wishes to avail himself of the provisions of this statute, shall make and file for record an affidavit showing the amount due, etc. The section then recites:
 

 “Such affidavit may be verified before any person authorized to administer oaths, whether attorney for the owner, lien claimant, or other party interested or not.”
 

 
 *66
 
 The last revision of these sections of the mechanic’s lien code appears in 106 Ohio Laws, 522-530. It is the contention of plaintiffs in error that the affidavit required to be furnished under Section 8312 does not have the same saving provision as Section 8314; and it is their contention that where this preliminary affidavit required before the lien can be perfected is sworn to before the attorney of record for the lien claimant, which is the situation in the present case, such action renders the affidavit void and nullifies the lien. Reliance is placed upon Sections 11522 to 11532, General Code, in reference to taking depositions, and also upon
 
 Leavitt & Milroy Co.
 
 v.
 
 Rosenberg Bros & Co.,
 
 83 Ohio St., 230, 93 N. E., 904, wherein it is held that, “An affidavit in attachment cannot be made before a notary public who is the attorney for one of the parties in the action. ’ ’
 

 The sections of the Code referred to relate to the mode of taking testimony, and are found under Part Third, Title IV, Division III, relating to procedure in common pleas court, in Chapter 3 in regard to evidence. We think these sections of the Code relate to affidavits to be used in the sense of evidence.
 

 Further, the word
 
 “statute”
 
 as used in Section 8314 is to be construed in the sense and meaning of the word
 
 “act.”
 
 A statute is an act of the Legislature as an organized body, solemnly expressed according to the forms necessary to constitute it the law of the state. The words “statute” and “act” are recognized as being synonymous. See
 
 United States
 
 v.
 
 Smith,
 
 27 Fed. Cas., page 1167, No. 16338. If the Legislature had meant the word “statute” to be confined to Section 8314 alone it would have used
 
 *67
 
 the word “section,” rather than “statute.” It is to be borne in mind that Sections 8312 and 8314, in their present form, were amended at the same time, and relate to the same subject-matter, and form part of one act, entitled “An Act to amend Sections 8312, 8313 and 8314 of the General Code, and to further supplement Section 8321 of the General Code by the enactment of an additional section to be known as Section 8321-1 (103 O. L., page 369, at pages 370, 372, 374 and 376), relative to the mechanic’s lien law.”
 

 Examining the act of 1915, found in 106 Ohio Laws, 522, we find Section 8312 relates to the preliminary notice of the original contractor to the owner of the amounts still due, given at a time when such original contractor desires to draw any money from the owner. Section 8313 relates to those whose names may have been omitted by the original contractor in his statement under oath given the owner, and provides a method by which they may protect themselves. Section 8314 relates to “every person, * * * whether contractor, subcontractor, material-man or laborer,” who wishes to avail himself of the provisions of this statute (act). Such person may file an affidavit as therein provided and such affidavit may be verified before any person authorized to administer oaths, whether the attorney of such party or not. The remainder of the act relates to mortgages and liens, and we are not at this time concerned with its construction.
 

 "We can see no good reason to compel the original contractor acting under Section 8312 in his preliminary statement under oath to execute the same before an officer not his attorney, and by the same
 
 *68
 
 act under Section 8314 permit the same contractor to execute his affidavit for a lien before an officer who may be his attorney. The legislative intent seems clear to apply the privilege of verifying such affidavit before any person authorized to administer oaths, whether the attorney of the affiant or not.
 

 “The rule that statutes
 
 in pari materia
 
 should be construed together applies with peculiar force to statutes that are contemporaneous or nearly contemporaneous ; for in such case, we have the same minds acting upon the one subject, and it is not to be presumed that the same body of men would pass conflicting and incongruous acts. The presumption is that they had in mind the whole subject under consideration; that while the one general subject is touched in several separate acts, yet the legislative intent was that of a harmonious whole. Hence, statutes passed at or nearly the same time should be construed together in determining their effect. Statutes relating to the same subject and passed at the same session of the legislature are to be construed together as one act.” 25 Ruling Case Law, 1062, Section 286.
 

 It is urged that because the Legislature provided for such privilege in Section 8314, as to the general lien, and not in Section 8312, as to the preliminary statement under oath, the rule
 
 expressio unius est exclusio alterius
 
 should apply. We do not think so, for the maxim is not of universal application, but is to be applied only as an aid in arriving at intention and not to defeat the apparent intention.
 

 The preliminary affidavit taken before a notary public may be taken before any proceedings of an adversary character are instituted, and such affi
 
 *69
 
 davit may never lead to the necessity of the employment of an attorney.
 

 We think the better conclusion is that the preliminary affidavit required under Section 8312, General Code, may be made before a notary public, even though such notary public be the attorney of such party making the statement under oath.
 

 In 40 Corpus Juris, 249, it is said: “But, except in some jurisdictions, the verification is not rendered invalid by the fact that it is made before an officer otherwise empowered to administer the oath, who is attorney for claimant.” In
 
 Carr
 
 v.
 
 Hooper,
 
 48 Kan., 253, 29 P., 398, it is held: “The verification of the lien before a notary public who is an attorney, and who has been consulted by the claimant prior to the verification in regard to the matters in dispute between him and the owner, when there is no action or proceeding begun or pending between the parties, will not invalidate the lien.” In
 
 Becker
 
 v.
 
 Hopper,
 
 22 Wyo., 237, 138 P., 179, Ann. Cas., 1916D, 1041, it is held: “The statute, providing that the officer before whom verification is made must not be the attorney of either party, or otherwise interested in the event of the action or proceeding, applies only to pleadings which are to be filed in such action or proceeding, and not to the verification of a lien statement made when there was no proceeding pending.”
 

 The lien was dated June 6, 1927, and the lien petition was filed in July, 1927, so that not until the later date did Nau become attorney of record for defendant in error.
 

 Entertaining the view that making the statement under oath required of an original contractor under
 
 *70
 
 Section 8312, General Code, before a notary public who is or afterward becomes an attorney of record for the affiant in litigation which ensues, does not make such affidavit invalid and the lien based thereon void, our conclusion is that the judgment of the Court of Appeals should be, and the same hereby is, affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kjnkade, Robinson, Jones, Matthias and Allen, JJ., concur.