Allen, J.
 

 It is conceded that when a valid lien has been released without notice to or knowledge of the surety securing the debt also secured by the lien, the surety is then released from liability under the bond for the amount covered by such lien. This is the general rule. Stearns on Suretyship (2d Ed.), Section 98, page 137;
 
 Day
 
 v.
 
 Ramey,
 
 40 Ohio St., 446;
 
 Southern Surety Co.
 
 v.
 
 Merchants’ & Farmers’ Bank of Avilla
 
 (Ind. App.), 161 N. E., 842.
 

 The second defense of the surety company shows, and it is conceded that the plaintiff in error here did relinquish a lien upon public funds established under Section 8324, General Code, securing the debt for which the surety was also liable. If this lien was valid, it follows that the surety was thereby released to the amount covered by such lien. Hence we proceed to consider whether the lien so released was valid.
 

 The attorney of Boyd did execute the sworn statement upon which such claimed lien was based and this is the only ground upon which the validity of the lien is attacked. It is to be observed that Boyd himself attacks the validity of the lien under which he himself claimed and which he released, as set forth in the second defense of the answer of the surety.
 

 Under Sections 8324
 
 et seg.,
 
 General Code, may the attorney of the party thereafter claiming a lien upon public funds, as a notary public, execute the sworn and itemized statement therein required?
 

 The defendant in error relies strongly upon the case of
 
 Evans
 
 v.
 
 Lawyer,
 
 123 Ohio St., 62, 173 N. E., 735, as being controlling of this controversy. In this case the court held:
 

 “Since Section 8314, General Code, authorizes a lien claimant to make affidavit for a lien before his
 
 *327
 
 attorney, the statement under oath made out and given to the owner by the original contractor on a building, pursuant to Section 8312, General Code, showing the names of laborers,, sub-contractors, materialmen furnishing labor or materials and the amounts still due therefor, is not invalid because the officer administering such oath is or becomes the attorney for the affiant in litigation which ensues.”
 

 This decision, however, while apparently in point, relates to the validity of an affidavit sworn to by a lien claimant before his own attorney under the Sections of the Code establishing liens upon private property, Sections 8312
 
 et seq.
 
 These are not the sections construed in the instant controversy, and hence we are compelled to the decision that
 
 Evans
 
 v.
 
 Lawyer, supra,
 
 does not here apply.
 

 Sections 8312
 
 et seq.,
 
 establishing a lien upon private real property, require an entirely different procedure from that set out in Sections 8324
 
 et seq.,
 
 which authorize a lien upon public funds. Sections 8312
 
 et seq.
 
 require a preliminary statement. Under Sections 8324
 
 et seq.
 
 no preliminary statement is required. The time for filing the affidavit under Section 8324 is totally different from the time within which the mechanics’ lien affidavit is required to be recorded, being four months as contrasted with sixty days. One statute gives a lien upon public funds, and the other gives a lien upon private real property. Hence we repeat that the decision in
 
 Evans
 
 v.
 
 Lawyer, supra,
 
 relating to Sections 8312
 
 et seq.,
 
 does not decide this controversy.
 

 The case of
 
 Conroy Brothers, Inc.,
 
 v.
 
 J. J. Dugan & Brother,
 
 17 Ohio App., 429, was under consideration by this court in
 
 Evans
 
 v.
 
 Lawyer, supra,
 
 having been found to be in conflict with the decision of the Court of Appeals in the
 
 Evans case,
 
 and hence was in effect overruled by the holding of this court in that case.
 
 *328
 
 Since the
 
 Conroy Brothers case
 
 was not a judgment of this court, its holding was not discussed at length in the ease of
 
 Evans
 
 v.
 
 Lawyer.
 
 It is not the practice of this court upon certification of conflict to discuss the case found to be in conflict with the case which is certified to this court. It is the practice of this court to render judgment in the case presented here, and if the law announced in that judgment conflicts with the law as announced by a Court of Appeals in the conflict case, the conflict case is necessarily overruled.
 

 However, proceeding to consider whether under Section 8324, General Code, an attorney may verify the sworn and itemized account of his client thereunder required, so that through such verification a valid lien will be instituted upon public funds, we think that the reasoning in the case of
 
 Evans
 
 v.
 
 Lawyer, supra,
 
 is cogent in this case also. In this statute, Sections 8324
 
 et seq.,
 
 as well as in Sections 8312
 
 et seq.,
 
 the affidavit required is not an affidavit to be used in the sense of evidence, but is simply the verified statement made before a notary public, necessary before proceedings to enforce a lien may be instituted. The filing of this affidavit does not dispense with the necessity for proof of the facts set forth therein.
 

 Is the attorney of the party thereafter claiming the lien empowered to verify this affidavit?
 

 Section 126, General Code, reads as follows:
 

 “A
 
 notary public shall have power, within the county or counties for which he is appointed, to administer oaths required or authorized by law, to take and certify depositions, to take and certify to acknowledgments of deeds, mortgages, liens, powers of attorney and other instruments of writing, and to receive, make and record notarial protests * #
 

 If Section 8324, General Code, does not specifically limit this general power of the notary public to administer oaths required by law, and to certify to the
 
 *329
 
 acknowledgment of deeds, mortgages and liens, and if no other section of the statute limits this general power, then the attorney is qualified to act as such notary public in executing this affidavit.
 

 Sections 8324
 
 et seq.
 
 contain no such prohibition. However, Section 11532, General Code, provides that ‘the officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding.” Section 11524 provides that an affidavit may be made “before any person authorized to take depositions.” Section 11522 defines an affidavit as a written declaration under oath made without notice to the adverse party.
 

 It is argued that these sections, read together, limit the general power with which a notary public is invested under Section 126, General Code, and that necessarily no attorney can execute an affidavit for a party whom he represents in order to secure a lien thereafter claimed upon a public fund.
 

 We do not so construe the statute. Sections 11522, 11524 and 11532, General Code, are found in Part Third, Title IV, Division III, Chapter 3, of the General Code, relative to procedure in common pleas court, under the subject of “Evidence,” and under the chapter subdivision heading, “Modes of Taking Testimony; Exceptions to Depositions.” Sections 8324
 
 et seq.,
 
 General Code, deal with commercial regulations, under the heading of “Liens.” Hence Sections 8324
 
 et seq.
 
 are not limited by Sections 11522, 11524 and 11532, which relate to sworn statements that are to be used as evidence or in procedure in common pleas court.
 

 We hold, therefore, that under the broad power of Section 126, General Code, the notary public who takes the attestation required for the sworn and itemized statement necessary under Sections 8324
 
 et seq.,
 
 
 *330
 
 General Code, for the establishment of a lien upon public funds, may be the attorney of the party thereafter claiming the lien, and that the lien thus created, if otherwise valid, is not rendered void because the affidavit was so executed.
 

 The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Kinkade, Stephenson, Jones and Matthias, JJ., concur.