MID-CONTINENT REFRIGERATOR CO., APPELLEE, *v.*
WHITTERSON, APPELLANT.

(No. 11833—Decided March 20, 1972.)

*Mr. Aubrey M. Foiles,* for appellee.
*Mr. Melvin C. Johnson,* for appellant.

HESS, P. J. This is an appeal from an order of the Hamilton County Municipal Court overruling appellant's motion for relief from judgment.

There is no material dispute on the facts. Irvin Marcus was the owner of a small grocery business. He leased refrigeration equipment from the plaintiff, Mid-Continent Refrigerator Co., appellee herein, but failed to pay the rental when due. The plaintiff obtained a default judgment against Marcus for $1,680 on July 7, 1967. On July 2, 1968, Marcus filed a notice of appeal and on July 3, 1968, Malcolm W. Whitterson, appellant herein, executed an appeal bond as surety for Marcus.

The judgment against Marcus was affirmed on appeal

and on March 25, 1969, summary judgment was entered against the appellant as surety in the amount of $1,896.15. On May 6, 1969, the appellee proceeded to levy execution on the grocery store belonging to Marcus, received $23.05 in cash, and then caused the store to be padlocked. Thereafter, Marcus disappeared and his whereabouts remained unknown. On May 8, 1969, the levy was withdrawn by appellee and the padlock removed without notice to the surety.

As a consequence of the withdrawal of the levy, the grocery store was left totally unsecured. The perishables were allowed to decay and the remaining inventory and equipment left unlocked. The inventory and equipment subsequently vanished. After the release of the levy, the appellee caused proceedings in aid of execution to be issued against the appellant as surety. Appellant filed several petitions in the Court of Common Pleas attempting to void the judgment but none of those actions are pertinent to this appeal. On August 20, 1971, appellant's motion requesting the judgment against him be declared satisfied and he be discharged as surety was overruled.

Appellant presents three assignments of error. Since numbers one and two raise the same issue, they will be considered as one. In these assignments, appellant claims the denial of his motion requesting he be discharged as surety was contrary to law.

The appellant's claim is procedurally based upon Rules 60 (B) (4) and (5) and 86 (A), Ohio Rules of Civil Procedure. Civ. R. 86 (A) provides that the Rules of Civil Procedure shall take effect July 1, 1970, and have application to "all further proceedings in actions then pending * * *."

The appellee argues that this court cannot apply Civil Rule 60 (B)(4) and (5) in this case because the initial judgment against the appellant was entered on March 25, 1969. This court considers the proceedings in aid of execution pursued by the appellee after July 1, 1970, to be further proceedings in an action then pending because the initial judgment had not been satisfied. Civil Rule 60 (B)

(4) and (5), empowering a court to relieve a party from a judgment for the reasons presented therein, is applicable to the instant case.

The issue squarely presented to this court is whether a surety on an appeal bond is discharged and the judgment against him satisfied if a judgment creditor levies execution on assets of the judgment debtor and subsequently withdraws the levy, without notice to the surety, in a manner which causes a substantial decrease in the value of the assets levied on and thereby impairs the subrogation rights of the surety on a supersedeas bond against the judgment debtor.

We are unable to find that this issue has been considered in Ohio with specific reference to the surety on the supersedeas bond. However, in *Day* v. *Ramey & Co.,* 40 Ohio St. 446, the court held, at page 449, with relation to securities in general: "* * * if the creditor recovers a judgment against principal and surety, and execution thereon is levied upon the property of the principal, and such property is released from the levy and lost as a security by the act of the creditor, the surety will be discharged, to the extent of his injury thereby." In the later case of *Boyd* v. *Royal Indemnity Co.,* 126 Ohio St. 322, 326, the Supreme Court found the general rule to be: "* * * when a valid lien has been released without notice to or knowledge of the surety securing the debt also secured by the lien, the surety is then released from liability under the bond for the amount covered by such lien."

In *Barker* v. *Illinois Surety Co.,* 169 Ky. 441, 184 S. W. 377, the general rule applied in *Day* and *Boyd, supra,* was applied to a surety on an appeal bond. We consider that principal the same when the surety is upon a supersedeas bond.

The judgment creditor is under an implied duty to preserve whatever security is acquired from the principal obligor to prevent any impairment of the subrogation rights of the surety against the principal obligor.

In the instant case, the appellee acquired security for the debt owed by Marcus by levying on the grocery

store. The release of that security, leaving the store unsecured, was done in a manner causing the value of the security to be substantially diminished. If the appellant would have paid the amount owing by reason of the judgment against him as surety, whatever recourse he may have had against Marcus as principal obligor would have been substantially impaired by the acts of the appellee. Such disregard by the judgment creditor for the preservation of assets held as security for the judgment debt discharges the appellant as surety to the extent of the decrease in value.

The record contains uncontradicted affidavits setting the value of the destroyed and missing inventory and equipment well in excess of the judgment rendered against the appellant. Since the value of the security was decreased by an amount sufficient to cover the whole amount of the judgment, the appellant as surety must be discharged to the extent of the decrease. Therefore the judgment against the appellant must be declared satisfied in full. Assignments of error one and two are well taken.

In assignment of error number three, the appellant claims the trial court's denial of his motion for discharge from the judgment was against the weight of the evidence. This assignment of error is without merit for the reason that appellant's argument is directed solely to questions of law and presents no grounds for the claimed error.

It follows that the judgment of the Hamilton County Municipal court should be, and hereby is, reversed and final judgment is entered in favor of the appellant, together with the costs incident to this action.

*Judgment reversed.*

YOUNG and SHANNON, JJ., concur.