CASE 63—EQUITY—OCTOBER 12.

## Stewart v. Commonwealth, Etc.

APPEAL FROM HARDIN CIRCUIT COURT.

SURETIES—SUBROGATION.—Sureties of a circuit clerk who have paid to the Commonwealth a judgment obtained against them for the fraudulent issual of witness certificates which passed into the hands of an innocent purchaser and were by him collected from the Commonwealth, are not entitled to recover the amount of the certificates from such innocent purchaser.

WM. S. PRYOR AND JAMES C. POSTON FOR APPELLANT.

1. Subrogation. Am. & Eng. Enc. of L., title "Subrogation," pp. 190, 191, 192 and 197; Harris, Law of Subrogation, general definition, sec. 6; as to sureties, sec. 173; effect of fraud on right, sec.

813. Sheldon on Subrogation, 2d Ed., generally as a mode of equitable relief, sec. 4, general doctrine sec. 11; the party seeking must not be in his own wrong and must come with clean hands, sec. 44; surety's right of subrogation discussed, sec. 86, surety's right confined to the contract for which he is surety, sec. 113. Eaton v. Hasty, 6 Neb., 419; Kelley v. Kelley, 54 Mich., 47; Keely v. Cassidy, 93 Pa. St., 318; Gaskill v. Wales, Exrs., &c., 36 N. J. Eq., 527; Pomeroy's Eq. Jur., Ed. of 1882, sec. 918, vol. 2; vol. 1, p. 456; sec. 416, p. 457; Stephens v. Board of Education, 79 N. Y., 183; s. c. 35 Am. Rep., 511; Brown v. Houck, 41 Hun., 16; Thorndyke v. Hunt, 3d DeGex and Jones (vol. 60), pp. 563 to 571.

2. Incompetent evidence was admitted. Section 532, Greenleaf on Ev.; Stephens' Digest of the Law of Evidence, p. 76, art. 32; Statute of Limitation, Ky. Stats., sec. 2519; Dye v. Holland, 4 Bush, 635; Grundy's heirs v. Grundy, 12 B. M., 269; Crane v. Prather, 4 J. J. M., 75; Morehead & Brown, 2 vol. Stat Law of Ky., sec. 4; Poynter y. Mallory, 21 Ky. Law Rep., 284.

Discussed. Packard v. Beaver Valley, &c. Co., 96 Ky., 249; First National Bank v. Behan, 91 Ky., 560.

HELM & BRUCE FOR APPELLEES IN A BRIEF AND SUPPLEMENTAL BRIEF.

1. The Commonwealth has a cause of action to recover money paid by mistake to appellant Stewart on fraudulent witness certificates (issued in criminal cases), upon which endorsements had been forged in the names of the payees named in the certificates. 2 Pom. Eq. Jur., sec. 712; Pratt v. Taunton Copper Co., 123 Mass., 110.

2. Appellees, Marriott and Hayden's Admr. having been compelled, as sureties on the bond of the circuit clerk, to make good to the Commonwealth the money lost on these certificates, had a right to be subrogated to the Commonwealth's cause of action against the party to whom the money had been improperly paid. Memphis, &c. R. Co. v. Dow, 120 U. S., 287; Sheldon on Subrogation, sec. 11; Gaskill v. Wales, 36 N. J. Eq., 527; Stevens v. Board of Education, 79 N. Y., 183, Pom. Eq. Jur., sec. 918.

3. The action is not barred by limitation, even if the statute begins to run from the time the mistake ought by reasonable diligence to have been discovered.

4. The statute does not begin to run until "the discovery of the mistake." Ky. Stats., sec. 2519; Packard v. Beaver Valley Co., 96 Ky., 249; First Natl. Bank v. Behan, 91 Ky., 560; Dye v. Holland, 4 Bush, 635; Grundy v. Grundy, 12 B. M. 269; Crane v. Prather, 4 J. J. M., 75; Cavanaugh v. Britt, 90 Ky., 276.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Whilst Charles Moore was deputy of C. M. Fraize, clerk of the Hardin Circuit Court, he issued a large number of fraudulent witness certificates, which purported to be for the attendance of witnesses in Commonwealth cases, which had been pending in the court, but were then off of the docket. The persons named in the certificates seem not to have been fictitious, but in actual existence. Moore sold certificates amounting to something over $1,700 to the appellant, Stewart, who collected them from the Commonwealth. W. H. Marriott, etc., were sureties on the official bond of Fraize; and, upon discovering the fraud, the Commonwealth instituted an action on the clerk's bond, and recovered judgment against the sureties for some thirty odd hundred dollars, which embraced the amount of certificates which Moore had sold to the appellant, Stewart. The sureties by this action seek to recover from Stewart the amount which he received on the fraudulent certificates.

It is claimed that the Commonwealth had a cause of action against Stewart, and therefore, the sureties who were compelled to pay the Commonwealth the amount which it had received are entitled to be subrogated to the rights which existed in favor of the Commonwealth to have recovered judgment against Stewart. This claim is based upon the theory that the loss resulting from Moore's fraudulent acts should have fallen upon Stewart, and not upon the sureties. If the loss should have fallen upon the sure-

ties, and not upon Stewart, of course it does not follow that, because the Commonwealth might have recovered against Stewart the sums which he collected on the fraud- ulent certificates, the sureties of the official bond, who have reimbursed the Commonwealth, can recover against Stewart. If one sustained loss by reason of the failure of the clerk, or one acting for him as deputy, to discharge the duties of the office faithfully, a cause of action existed in favor of such one.

It is contended by counsel for appellees that the acts of Moore in issuing the certificates were official in char- acter, but his acts indorsing names of persons named in the certificates, and selling them to Stewart, were not offi- cial acts, and, therefore, the sureties were not liable there- for on the bond which they signed. In the action against the sureties, the lower court and this court must necessar- ily have taken the view that they were liable for such acts, or for the acts which resulted in the Commonwealth being defrauded. In fact, they seek to recover in this case be- cause they were liable on the bond therefor, and were com- pelled to pay the Commonwealth the loss which it sus- tained by reason of the acts of Moore. This action is based upon the theory that the sureties were liable on the clerk's official bond for the acts of Moore that resulted in the loss to the Commonwealth; that their liability had been fixed by a judgment of the court; and that they had discharged it. Suppose the deputy clerk had conspired with the parties named in the witness certificates to de- fraud the Commonwealth or such persons to whom they might sell them; that, as part of and to carry out the fraudulent design, he was to issue the certificates, and the parties named therein were to sell them. Would it be seriously contended that the Commonwealth or any per-

son injured by such acts could not recover on the clerk's bond the damages sustained thereby? Moore conceived the fraudulent purpose of defrauding the Commonwealth or some person, and he did not think it best to call any one to his aid; so he issued the fraudulent certificates, and indorsed the names of the payees on them. The quality of the act could not be changed so far as the sureties were concerned, whether the indorsement was made on the back of the certificates by Moore or by a co-conspirator.

We can not understand why the fact that Moore added forgery to his offense of issuing as deputy clerk the fraudulent certificates would release the sureties from liability. It was part of Moore's fraudulent design to both issue and indorse the certificates which culminated in producing the loss which is the subject of this controversy. It was unfaithfulness to his trust that caused the injury. In this transaction the acts of Moore can not be disassociated so as to designate some as official and others as individual. Suppose Moore had presented the fraudulent certificates to the Commonwealth, and received the money on them, certainly Fraize and his sureties would have been liable to the Commonwealth for money thus collected. Instead of collecting them of the Commonwealth, he sold them to Stewart; and, if he had been refused payment by the Commonwealth, he would have sustained the same loss which the Commonwealth sustained by paying them, and by the same acts of Moore. The sureties in the clerk's official bond would have been liable to Stewart in the latter state of case as they would have been to the Commonwealth in the former. The judgment is reversed for proceedings consistent with this opinion.