## LE MIEUX BROS., Inc., v. TREMONT LUMBER CO., Limited.

### No. 10866.

Circuit Court of Appeals, Fifth Circuit.

Jan. 26, 1944.

John S. Powers, of Buffalo, N. Y. (Joseph W. Milburn, of Washington, D. C.,

R. Emmett Kerrigan, of New Orleans, La., for appellant.

Ronald L. Davis, of Monroe, La., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

LeMieux Brothers, Inc.; a Louisiana corporation, performed certain services at the request of the Tremont Lumber Company, Ltd., a Louisiana corporation, with no definite understanding as to the amount to be paid for such services. After the rendition of the services and before the bringing of this suit, the stockholders of LeMieux Brothers, Inc., of Louisiana, which will hereafter be referred to as "the Louisiana corporation", caused a corporation to be formed under the laws of Delaware under the same name, to which the Louisiana corporation assigned and conveyed all of its assets by a formal instrument of conveyance and assignment. Thereupon the Louisiana corporation was dissolved. The assignee, the Delaware corporation, sued in the United States District Court of the Western District of Louisiana for the recovery of the reason-

able value of the services of its assignor from Tremont Lumber Company.

Defendant moved to dismiss for lack of jurisdiction, asserting that the court did not have jurisdiction of any suit to recover upon the assigned chose in action since, under Sec. 41(1), Title 28 U.S.C.A.,[1] such a suit could not have been prosecuted in such court to recover upon such chose in action if no assignment had been made. Plaintiff insists that LeMieux Brothers, Inc., of Louisiana, was, in substance, merely transplanted to, and became a corporation and citizen of, Delaware. It insists that LeMieux Brothers of Delaware owns the same assets, has the same name, is owned by the same stockholders in the same proportions, and that in actuality it is the same corporation, merely domiciled in another State. It further insists that the right of action which it seeks to maintain is not a chose in action arising out of contract, to which said section applies, but that it is a right of action arising by operation of law. The lower court, rejecting the contention of plaintiff, dismissed the complaint for lack of jurisdiction, thereby provoking this appeal.

■ United States District Courts are courts of limited jurisdiction. Creatures of statute, they have only such jurisdiction as the statutes expressly confer, and this jurisdiction must always affirmatively appear. The provisions in the section under consideration were enacted for the purpose of preventing suits by assignees under assignments made for the express purpose of giving jurisdiction to the federal courts which would not otherwise have existed. Bushnell v. Kennedy, 9 Wall. 387, 76 U.S. 387, 19 L.Ed. 736. Whenever the question of jurisdiction of the federal District Court is presented it will be presumed that the court is without jurisdiction unless the contrary affirmatively appears. Utah-Nevada Company v. De Lamar, 9 Cir., 133 F. 113.

■ Choses in action dealt with in said section are those rights of action acquired by assignment as distinguished from rights acquired by operation of law, such as subrogation, resulting, or constructive, trusts, succession, and the like. This and other courts have held that even though a conventional assignment was executed, nevertheless, if the assignee was possessed of the right to sue by virtue of equitable subrogation, the subrogee or assignee would not be prohibited from maintaining an action in the federal court. American Surety Co. v. Lewis State Bank, 5 Cir., 58 F.2d 559; City of New Orleans v. Whitney, 138 U.S. 595, text 605, 606, 11 S.Ct. 428, 34 L.Ed. 1102; Brown v. Fletcher, 235 U.S. 589, 35 S.Ct. 154, 59 L.Ed. 374. In the present case, however, plaintiff is purely an assignee. The Louisiana and the Delaware corporations were separate and distinct entities. The title to the chose in action was acquired by plaintiff solely by virtue of the transfer and assignment from the Louisiana corporation and was in nowise dependent upon equitable considerations. We are not now confronted with a situation where the court should look through, or disregard, corporate entities in order to protect equities of third parties.

■ A corporation is a creation of the State of its incorporation, and may not become a citizen of another State, within the purview of the statute under consideration, merely by conveying its assets to another corporation by the same name in that other State and thereupon being dissolved in the State of its creation.

■ Appellant urges that the rendition of the services by its assignor to defendant, at the request of the latter, does not constitute a contract, expressed or implied, under the laws of the State of Louisiana, but that the right to be paid for such services arises as a quasi contractual right, implied by law, rather than created by contract. It is the universal rule in States having a common-law background that where one renders services to another at the request of the latter there arises an implied contract to pay the servant the reasonable value of those services. An implied contract is as binding as an expressed contract, and has as its origin, or base, the agreement between the parties. The law operates on the agreement as distinguished from becoming a part of the agreement.

■ Title IV, of Conventional Obligations, Article 1761, Louisiana Civil Code, reading as follows: "A contract is an agreement, by which one person obligates himself to another, to give, to do

1 "No district court shall have cognizance of any suit * * * to recover upon any * * * chose in action in favor of any assignee * * * unless such suit might have been prosecuted in such court to recover upon said * * * chose in action if no assignment had been made. * * *"

or permit, or not to do something, expressed or implied by such agreement," was cited by the lower court in support of its conclusion that implied contracts were recognized under the laws of Louisiana. We concur. It is our view that the transaction should be denominated an implied contract, but whether the arrangement in question be called a quasi contract or an implied contract, the rights here sought to be enforced arose out of a contractual relation, and the rights accruing thereunder constituted a chose in action within the purview of Sec. 41(1), Title 28, U.S.C.A., which should not be confused with rights that arise purely by operation of law. LeMieux Brothers, Inc., of Louisiana could not have brought this suit in the court below against Tremont Lumber Company of Louisiana, and it must follow that LeMieux Brothers, Inc., of Delaware, assignee of LeMieux Brothers, Inc., of Louisiana, cannot maintain the suit in said court.

The judgment below is affirmed.