266 So.2d 127 (1972)
DISPATCH SERVICES, INC., for the Use and Benefit of Aetna Casualty and Surety Company, and Aetna Casualty and Surety Company, Individually, Appellants,
v.
The AIRPORT BANK OF MIAMI, Appellee.
No. 71-1415.
District Court of Appeal of Florida, Third District.
July 18, 1972.
Rehearing Denied September 18, 1972.
Stephens, Magill, Thornton & Sevier, Miami, for appellants.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, for appellee.
Before CHARLES CARROLL and HAVERFIELD, JJ., and WADDELL, TOM, Jr., Associate Judge.
PER CURIAM.
Plaintiff-appellants seek review of trial court's order dismissing the second amended complaint with prejudice for failure to state a cause of action in a suit to recover funds wrongfully paid out by defendant-appellee bank.
Dispatch Services, Inc. maintained a checking account with the Airport Bank of *128 Miami. During an audit of Dispatch's account it was detected that checks with forged signatures totaling $12,828.12 had been cashed by the Bank and charged to Dispatch's account. Dispatch confronted the Bank and demanded the money wrongfully paid out, and when the Bank refused to return the funds this suit was filed. Aetna Casualty and Surety Company had issued to Dispatch an insurance policy that covered among other things the dishonest acts of employees. Upon the discovery that the forger was one of Dispatch's employees, Aetna honored its policy and paid the policy limit of $10,000 to Dispatch. Upon receiving the $10,000, Dispatch, proceeding under the policy, subrogated and assigned its rights against the Bank to Aetna. Following the transaction between Aetna and Dispatch, the Bank recognized its own wrongdoing and paid Dispatch the remainder of its loss. Dispatch then took a voluntary dismissal of its lawsuit against the Bank but stipulated that it in no way prejudiced the right of Dispatch to bring an action for the balance owed by the Bank for the use and benefit of Aetna. This appeal followed the dismissal of Dispatch's second amended complaint with prejudice for failure to state a cause of action.
Appellants contend that the Bank was negligent in honoring and paying the forged checks, and under these circumstances it had no right to charge these checks against depositor's account. Aetna's right arises by reason of the contract between Aetna and Dispatch which provides for subrogation rights not dependent upon equitable considerations. Appellee, on the other hand, supports the view that because the Bank has been guilty of no more fault than Aetna, the compensated surety doctrine requires that the paid surety allege facts showing its equities to be superior to those of the Bank.
For a favorable judgment, appellee relies on American Surety Co. of New York v. Lewis State Bank, 58 F.2d 559 (5th Cir.1932), in which a suit was brought against the bank by the surety on the state game commissioner's bond to recover by right of subrogation, the payment of warrants fraudulently drawn by the surety's principal to fictitious payees. Following payment by the surety to the state of the monies converted by its principal, the surety took an assignment or subrogation agreement to all actions which the state had against the defaulting game commissioner or any third party answerable to the game commissioner or to the state. Trial court granted the bank's motion to dismiss the surety's complaint for want of equity because the bill showed no equity in plaintiff-surety and that the bank was not guilty of any fraud or wrongdoing and should not be liable to the state because of the failure of the state to advise it of the fraud being committed.
The bank was without fault because the warrants drawn on the state treasury were, as far as the bank was concerned, proper in every respect and should have been honored. The warrants were issued by the proper person, endorsed in the name of the payee, and in effect became bearer warrants for which the bank could not be held liable for cashing.
It is on this point that the cases must be distinguished. The Bank in the instant case cashed forged checks and in so doing was guilty of negligence and breach of contract with its depositor.
It is well settled that a bank must, at its peril, know the signatures of its depositors, Riggs National Bank v. Dade Federal Savings, 268 F.2d 951 (5th Cir.1959), and if it pays a forged check it will be considered paid out of its own funds and has no right to charge such check to the depositor's account on which it purports to be drawn. Miami Beach First National Bank v. Edgerly, Fla. 1960, 121 So.2d 417; Sabatino v. Curtiss National *129 Bank of Miami Springs, 446 F.2d 1046 (5th Cir.1971). Whatever the relationship between Aetna and Dispatch, it did not affect this debt owed by the Bank to its depositor, Dispatch.
In the Lewis State Bank case subrogation was asserted as an equitable right constituting legal or equitable subrogation. In the instant case the subrogation arises out of a contract constituting conventional subrogation. The Supreme Court of Florida recognized the two types of subrogation in Boley v. Daniel, 72 Fla. 121, 72 So. 644 (1916) and still recognizes it today as evidenced by Capital National Bank of Tampa v. Hutchinson, 435 F.2d 46 (5th Cir.1970). There are, however, no Florida cases involving conventional subrogation of a surety.
Georgia courts have decided a case in which a depositor of a bank, through contracts with surety companies, was indemnified against loss from dishonest employees. The sureties paid depositor the amount of loss it sustained due to the bank's wrongful payment of checks on which the endorsement had been forged by depositor's employee. The depositor's assignment to the sureties conveyed all of its rights in the forged checks, including all choses in action against the bank, and the sureties became subrogees under a "conventional subrogation". The court approved the sureties' right to subrogation. First National Bank of Atlanta v. American Surety Company, 71 Ga. App. 112, 30 S.E.2d 402 (1944).
We adopt the reasoning and the conclusions reached by the Georgia court in First National Bank of Atlanta and based upon this, appellants' second amended complaint alleging conventional subrogation should not have been dismissed for failure to state a cause of action on equitable grounds. The order appealed is hereby reversed and the cause is remanded for further proceedings.
Reversed and remanded.