JUDGE ROBERTSON
delivered the opinion op the court:
Robert Joyce having died intestate, and without estate sufficient to pay all his debts, the curator instituted this proceeding in equity for adjusting, in legal order and proportion, the rights of all the intestate’s creditors.
The intestate’s father claimed over $1,000, principal and interest, for money paid as his surety in the year 1858, on executions against them, the son being principal debtor. The commissioner reported that the claim was barred by the statute of limitations, and the circuit court confirmed the report and disallowed the claim. And whether that judgment was right or wrong, is the only question involved in this appeal by the surety.
The intestate having died some time in the year 1864, and this suit having been commenced in the year 1865, the implied promise to reimburse the appellant was certainly barred by time.
Had the appellant been, on his payment, subrogated to all the rights and remedies of the judgment creditors whose debts he paid, five years would not have barred his claim to indemnity as a substituted judgment creditor. But he does not appear to have been so substituted either by contract or by law.
Antecedently to the enactment of section 8, chapter 97, 2 Stanton’s Revision, page 398, a surety, by. special contract with the creditor, might, in consideration of his payment of the debt, entitle himself to stand in the creditor’s shoes as to both remedy and the dignity of *476 the debt. But without such express contract, he stood only as creditor of his principal on an implied contract for reimbursement, and was entitled to his principal's incidental equities. (Morrison vs. Page, 9 Dana, 433; Morris vs. Evans, 2 B. Mon., 86; Alexander vs. Lewis, 2 Met., 407.)
The appellant cannot, therefore, elude the statutory bar on the ground of contract. Nor does the law, as enacted in the said eighth section, relieve him. The only consistent interpretation of the letter and presumed object of that remedial provision is, that it was intended to secure to a surety a legal right to an assignment by the creditor, whether he was willing to make it or not, on the paymentof his debt. The law entitles him to the assignment on demand; but it does not, per se, make the assignment. And this construction is fortified by the sixteenth section, which provides that a sheriff paying the amount of an execution in his hands for collection “ shall be entitled to an assignment and substitution in the same manner as hereinbefore provided in favor of a surety.”
In this case the appellant did not procure an actual assignment until after the implied promise had been barred, nor until after this suit had been brought.
We are therefore of the opinion that the limitation of five years barred the appellant’s claim.
The appellant might, if he chose, have obtained the assignment before the bar, either voluntarily or coercively ; and by electing to do so, he might have escaped the impending bar, which in this case is as presumptive as it is peremptory. And the presumption of reimbursement by his principal, actually as well as legally arising from the lapse of time, is, as an inference of fact, strengthened by the circumstance that, in the year 1863, *477 the appellee conveyed to his principal a tavern-house in Shepherdsville, which made him then solvent, and out of the price of which these surety debts might have been, and if actually due, probably were, retained by the appellant.
Wherefore, the judgment of the circuit court is affirmed.