## Lewis' Admr., et al. v. The United States Fidelity & Guaranty Co., et al.

(Decided June 21, 1911.)

Appeal from Marion Circuit Court.

1. Principal and Surety—Subrogation.—Subrogation is Allowed Because the Surety Has Paid the Debt of His Principal.—Where the surety has been compelled to pay the debt of the principal, he is entitled to be subrogated to the rights of the creditor.

2. Same.—The question as to what induced the surety to assume the obligation cannot be considered in determining his rights.

HILL & PENCE for appellants.

JOHN McCHORD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The question raised upon this appeal is, may a surety upon a distiller's bond, who has been compelled to pay

to the government money for its principal, be subrogated to the rights of the government, and subject the property which was in lien to the government in satisfaction of its debt? The lower court held that the surety was entitled to this right. It is insisted that this ruling is . wrong, for the two-fold reason, first, that section 3465 of the Federal Statute in express terms denies to a surety upon a distiller's bond the right of subrogation, and second, that as the surety in this case was compensated for its service, it was not entitle to the same rights and benefits as an accommodation surety.

As to the first proposition, the section of the statutes relied upon, .to-wit, 3465, is a part of the Act of June 30, 1864, relating to internal revenue, and it reads as follows:

"An act entitled 'An act further to provide for the collection of duties on imports' passed March 2, 1833, shall not be so construed as to apply to cases arising under an act entitled 'An act to provide internal revenue to support the Government, to pay the interest on the public debt and for other purposes,' passed June 30, 1864, or any act in addition thereto or in amendment thereof, nor to any case in which the validity or interpretation of said act or acts shall be in issue."

. The act of 1833 here referred to was an act providing for the collection of debts due by or to the Government, and in said act there is a provision defining and fixing the rights of sureties who were compelled to pay the debt of their principal. The act of 1864 makes no provision for the protection of sureties, and hence the rights of sureties not being fixed by the act, and there being nothing in the act denying to them the right of subrogation, their rights must be determined by the common law.

At common law it is well settled that one who is compelled to pay the debt of another is entitled to be substituted to the rights of the creditor. As stated by Pomeroy in his Equity Jurisprudence, Vol. 6, Sec. 921:

"Payment of the debt of another, as by a mere volunteer, will not, of itself, entitle the party making the payment to subrogation. Equity will relieve. in general, only those who could not well have relieved themselves, and these may be divided roughly into the three classes already suggested, that is: First, those who act in performance of a legal duty, arising either by express agree-

ment or by operation of law.; second, those who act under the necessity of self-protection: third, those who act at the request of the debtor, directly or indirectly, or upon invitation of the public, and whose payment are favored by public policy.

"When a party discharges an obligation in performance of a legal duty—that is, an obligation for the performance of which he was legally bound—but for which his liability was subsequent to that of another party, he is entitled to be subrogated to, and to have the benefit of, all rights of the creditor and all securities which may at any time have been put into the creditor's hands by a party whose liability is prior to his own, or which the creditor may have obtained from such party."

The same rule is thus stated in A. & E. Encyc. of Law, 2nd Ed., Vol. 27, p. 207:

"The general rule is that a surety who pays the debt of his principal will be subrogated to all the securities, liens, and equities, rights, remedies and priorities held by the creditor against the principal, and entitled to enforce them against the latter in a court of equity or of equitable jurisdiction. His right to subrogation is not affected by the fact that he made no stipulation therefor at the time of payment of the debt of his principal, nor by the fact that he was then ignorant of the existence of such right; nor will the right be denied him on the ground that he assumed the obligation without being requested to do so by his principal."

The decisions of this court, as found in Highland v. Anderson, 17 S. W., 866; Dunlap v. O'Bannon, 5 B. Mon., 393; Burk v. Chrisman, 3 B. Mon., 50; support the principle that a surety who is compelled to pay the debt of his principal is entitled to subrogation. Unless this right to the surety must be denied because it has been compensated for its service in becoming surety, the judgment must be affirmed.

We are cited to no authority from any court of last resort denying to a surety the right to subrogation because he was a compensated or paid surety. Subrogation is allowed because the surety has paid the debt of his principal. Upon this ground the right rests. The question as to what induced the surety to assume the obligation can not be considered in determining his rights. The sole question is, has he been compelled to pay the debt of his principal. If he has he is entitled to be sub-

rogated to the rights of the creditor. It is common knowledge that guaranty companies have for many years been accepted as surety upon the bonds of fiduciaries, public officials, and others occupying relations of confidence and trust. Many times in innumerable instances and forms their right to subrogation has been asserted and upheld. This right, so far as we are advised, has never been questioned, and certainly not denied.

The case of Champion Ice Mfg. & Cold Storage Co. v. American Bonding Co., 115 Ky., 863, cited and relied upon by appellant, in support of his contention that a compensated surety is not entitled to subrogation, is not in point. The obligation assumed by the Bonding Company was not a contract of suretyship at all. It became the insurer of the honesty of an employe. It alone signed the bond, and this obligation was treated as a policy of insurance and its liability fixed and determined by placing upon the bond that construction which has been adopted in determining the rights of litigants under policies of insurance.

Perceiving no error in the judgment it is affirmed.