## Stratton v. Stratton's Administrator.

(Decided September 26, 1912.)

### Appeal from Logan Circuit Court.

Trusts—Action to Recover Trust Funds.—The cestui que trust may bring a joint action to recover trust funds against the trustee and the persons to whom he wrongfully paid the funds with notice of the trust, or the trustee may be prosecuted to insolvency and a separate action brought against the persons to whom the funds were paid.

PETRIE & STANDARD for appellant.

BROWDER & BROWDER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The husband of Mirtie T. Stratton took out insurance on his life for her benefit in the sum one thousand dollars. During the life of the policy he had it changed so as to make it payable to Lon Stratton as trustee for his wife. After the death of the husband, Lon Stratton collected the amount of the insurance, and with the exception of a small sum paid to the widow, used it in the payment of debts that he claimed had been contracted by the husband. In a suit by Mirtie Stratton against Lon Stratton to recover the amount of the insurance, a judgment was rendered against him for the full amount received from the company, less certain credits that he was given for payments made out of it. An execution on this judgment having been returned "No property found," this action after the death of Mirtie T. Stratton was brought by her administrator against J. W. Stratton, the father, and Clarence Stratton, a brother of Lon Stratton. The action against them grew out of the fact that it appeared in the suit by Mirtie T. Stratton against Lon Stratton that Lon Stratton had paid out of the insurance money for the benefit of J. W. Stratton, $530.00, and for the benefit of Clarence Stratton, $47.71; and, proceeding upon the theory that the money so paid to them by Lon Stratton was a trust fund, she sought to recover it. Judgment having been rendered in favor of her administrator for the amounts claimed, the Strattons prosecute this appeal.

The first error assigned is that the general demurrer interposed to the petition of the administrator should have been sustained, upon the ground that the petition did not state a cause of action. We are unable to agree with counsel in this view of the matter. The petition set out that after Lon Stratton, as trustee for Mirtie Stratton, had collected the insurance money, he wrongfully and fraudulently paid to J. W. Stratton and Clarence Stratton the amounts claimed. It was further averred that each of them had notice of the existence and terms of the trust, and knowing that the fund was a trust fund participated in the fraudulent misappropriation of it by the trustee. We think the petition stated a good cause of action, and that the court correctly overruled the demurrer to it.

The next objection urged to the judgment is that the evidence did not sustain the averments of the petition that the sums mentioned were paid to J. W. and Clarence Stratton. The evidence shows that the $530.00 with which J. W. Stratton was charged was paid by Lon Stratton to the mortgagee to satisfy a mortgage that a third person held on the farm of J. W. Stratton; and that the sum with which Clarence Stratton was charged was paid to discharge a debt due a firm he was connected with. This being so, the Strattons were the beneficiaries of the sums so paid, and the payments will be treated as having been made to and for them.

Another reason assigned for reversal is that, as Mirtie Stratton undertook to recover the amount of the insurance money from the trustee, Lon Stratton, this was an election upon her part to look to him alone for its payment, and, having thus elected, neither she nor her administrator could follow the trust fund into the hands of persons to whom Lon Stratton had paid it, and who had notice of the fact that it was a trust fund. But, in our opinion, the fact that suit was instituted in the first instance to recover the trust fund from the trustee alone, did not bar the right of the cestui que trust to maintain an action for its recovery against the persons to whom the trustees had paid it. The cestui que trust, under circumstances like these, may proceed in the same action against the trustee and the parties to whom the trustee has wrongfully paid the trust fund, or may proceed against the trustee alone; and if in the action against the trustee alone it is shown what

disposition was made of the trust fund, it may be recovered in a proper state of case, and in a separate action from the persons to whom it was paid. The trustee, as well as the persons to whom the trust fund was paid, are jointly and severally liable to the cestui que trust, and an action against one does not bar an action against the others. Curd v. Field, 103 Ky., 293.

It is further argued that the judgment is erroneous because the evidence shows that Lon Stratton acquired the trust fund for the purpose of paying the indebtedness of the husband of Mirtie Stratton, and that the fund having come into his hands under an arrangement or agreement that it should be used in discharging debts, the payment of the debts acquitted him of liability to the beneficiary of the trust. There is evidence for the Strattons tending to show that they had contracted considerable indebtedness for the benefit of the insured during his life, and that it was the agreement that this trust fund should be used to satisfy this indebtedness. There is also evidence conducing to show that after the death of her husband, Mirtie Stratton agreed with Lon Stratton that he should pay her sixty dollars a year, the interest on the trust fund, during her life, and at her death, or whenever he saw proper, use the principal in the payment of the debts. But the evidence in this behalf is not sufficient in our opinion to overcome the writing creating the trust for the benefit of Mirtie Stratton under and by virtue of which Lon Stratton was enabled to obtain possession of the trust fund. The insurance in the first instance was payable to Mirtie Stratton, and, except for the arrangement by which it was to be paid to Lon Stratton as trustee for her, the money would have come into her hands, free from the debts and liabilities of her husband. But, for reasons satisfactory to himself, the insured deemed it advisable to direct the company to pay the insurance money at his death to a trustee for the benefit of his wife in place of paying it directly to her, and except for this writing constituting him trustee, no part of the insurance money would have come into the hands of Lon Stratton. There is no writing intimating that any of this fund should be used in the payment of debts, and we do not think the evidence sufficient to justify us in holding that the trust fund should be diverted from the

channels in which it was directed to go by all of the
written evidence in the record.

The judgment of the lower court is affirmed.