## Barker v. Illinois Surety Company.

(Decided April 12, 1916.)

### Appeal from Carroll Circuit Court.

1. Appeal and Error—Supersedeas—Effect.—The effect of a supersedeas is to preserve the status in quo pending the appeal. It is not retroactive in effect. It does not undo what has already been done. It destroys no rights acquired by the judgment. It merely suspends those rights.

2. Appeal and Error—Supersedeas—Effect—Judgment Lien.—A judgment lien on stock for their keep is not discharged by a supersedeas but remains in full force pending the appeal.

3. Subrogation.—A surety who has paid the debt of his principal is at once subrogated to all the rights, remedies, securities, liens and equities of the creditor for the purpose of obtaining his reimbursement from the principal debtor.

4. Principal and Surety—Release of Surety—Act of Creditor.—If the creditor, without the consent of the surety, does any act which, in contemplation of the law, alters the surety's liability, increases his risk, or deprives him even for a moment of the right to pay the debt and assume the position of creditor, or of his right to seek indemnity, the surety is thereby discharged, and the fact that the surety may not have been actually injured is immaterial.

5. Principal and Surety—Release—Act of Creditor.—Any agreement or active interference by an obligee, whereby the surety may be injured, releases him absolutely and it is not material whether the property so released was sufficient to discharge the whole debt or not.

6. Principal and Surety—Appeal Bond—Act of Creditor—Release of Surety.—Where, in addition to a personal judgment, plaintiff is awarded a lien on certain stock for their keep and retains possession of the stock as the agent for the Commissioner of the court, and prior to the date of sale ordered by the court an appeal bond is executed and the judgment is superseded, and pending the appeal plaintiff, without any order or direction from the Commissioner, ships the stock out of the State to the judgment debtor and thereby deprives the surety in the appeal bond of the right to take plaintiff's place and enforce the judgment lien, the surety is released.

F. C. GREENE, TURNER & TURNER and SMITH & GREENE for appellant.

WINSLOW & HOWE and ARTHUR W. COX for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

R. M. Barker brought this suit against Alfred Von Cotzhausen to recover certain amounts alleged to be due for the keep of four stallions, thirteen mares and four yearling colts. On final hearing he was awarded a personal judgment against Von Cotzhausen for the sum of $1,849.91, and a lien on the stock to secure the payment thereof. The master commissioner was directed to take charge of and sell the stock, or so much thereof as might be necessary, and apply the proceeds to the payment of plaintiff's debt, interest and costs. In the event it was not necessary to sell all of the stock, he was to turn the remainder over to Von Cotzhausen. The commissioner advertised the stock for sale but left it in the possession of Barker until the day of sale. Before the sale was made Von Cotzhausen executed a supersedeas bond with the Illinois Surety Company as surety, and a supersedeas

was issued directing Barker and the officers of the court to stay proceedings. The judgment below was affirmed on appeal. Von Cotzhausen v. Barker, 154 Ky. 624.

On the filing of the mandate below Barker brought this suit against the Illinois Surety Company to recover on the supersedeas bond. Besides other defenses, which it is not necessary to notice, the surety company pleaded in substance that at the time the appeal bond was executed all the stock upon which plaintiff was adjudged a lien was in his possession; that after the execution of the bond, plaintiff, without the knowledge and consent of the defendant, shipped the stock outside of the State, thereby altering and changing the liability of the defendant and depriving it of the right to pay the judgment and be subrogated to plaintiff's lien. In his reply plaintiff pleaded that he retained the stock in his possession as agent for the master commissioner; that on the execution of the supersedeas bond he shipped the greater part of the stock to Von Cotzhausen, the owner, who lived in Wisconsin, and the stock was received by Von Cotzhausen. A demurrer was sustained to the reply and the petition dismissed. Plaintiff appeals.

The effect of a supersedeas is to preserve the status *in quo* pending the appeal. It is not retroactive in effect. It does not undo what has already been done. It destroys no rights acquired by the judgment. It merely suspends those right. Runyon v. Bennett, 4 Dana 599; Hey v. Harding, 25 R. 1454; Johnson v. Williams, 82 Ky. 45; Newman's Pleading & Practice, Section 682. It, therefore, follows that plaintiff's lien on the stock was not discharged by the supersedeas but remained in full force pending the appeal. A surety who has paid the debt of his principal is at once subrogated to all the rights, remedies, securities, liens, and equities of the creditor for the purpose of obtaining his reimbursement from the principal debtor. Hill v. Fleming, 128 Ky. 201, 107 S. W. 764; Ryan v. Logan Co. Bank, 132 Ky. 625, 116 S. W. 1179; Druen v. Donnelly, 134 Ky. 776, 121 S. W. 685; Lewis' Admr. v. U. S. Fidelity & Guaranty Company, 144 Ky. 425, 138 S. W. 305; Dunlap v. O'Bannon, 5 B. Mon. 393; Smith v. Latimer, 15 B. Mon. 75; Joyce v. Joyce, 1 Bush 474; Fleming v. Beaver, 2 Rawle 128, 19 Am. Dec. 629; Hawpe v. Bumgardner (Va.), 48 S. E. 554. It is also the rule that if the creditor, without the consent of the surety, does any act which, in contempla-

tion of the law, alters the surety's liability, increases his risk, or deprives him even for a moment of the right to pay the debt and assume the position of creditor, or of his right to seek indemnity, the surety is thereby discharged, and the fact that the surety may not have been acutally injured is immaterial. Calloway v. Snapp, 78 Ky. 561. In many of the states the surety is released *pro tanto*, or entirely, according to the value of the security released, but in this State any agreement or active interference by an obligee, whereby the surety may be injured, releases him absolutely and it is not material whether the property so released was sufficient to discharge the whole debt or not. Sneed's Executor v. White, 3 J. J. M. 525.

Accordingly, it is held that the sureties on an appeal bond will be released from the necessity to satisfy an affirmed judgment, by an act of the obligee which is done with the fraudulent intention of preventing them from exonerating themselves from the property of the principal judgment debtor, or by any act of the obligee which has that effect. 2 Cyc. 949; Dill v. Cecil, 4 Bush 579; Atkinson v. Fitzpatrick, 22 Rep. 1364; United States Fidelity & Guaranty Co. v. Boyd, 29 Rep. 598.

In the case under consideration, Barker had a valid lien on the stock, which was not discharged or in any wise affected by the superseadeas. The surety company's right to the benefit of this lien accrued when the appeal bond was executed. Nelson v. Williams, 22 N. C. (2 Dev. & B. Eq.) 118; Forbes v. Jackson, L. R. 19 Ch. Div. 615; Dixon v. Steel, 70 L. J. Ch. N. S. 794. As a part of the contract of suretyship, it had the right to rely on the security afforded by the judgment, and on the implied engagement of plaintiff that he would not, by an act of his, deprive it of such security. Plaintiff, while alleging that he held the stock as agent for the master commissioner, does not claim that he sent the stock out of the State to the judgment debtor in pursuance of any order or direction of the commissioner. In other words, he acted without authority and on his own initiative. The result is, that by his own act and fault, he deprived the surety of the right to take his place and enforce the judgment lien on the greater portion of the stock. Under the circumstances, the surety was released not *pro tanto* but entirely. This view is attacked on the ground that it imposes too great a burden on a poor man who might

not be in a position to keep the stock, or to obtain reimbursement out of the stock because the judgment lien exceeded its value. The answer to this contention is, that if he holds the stock as agent for the commissioner he may turn it over to the commissioner. If he holds the stock as an individual and for any reason is unable to keep the stock, he may apply to the court to make other provisions for its keep. As the judgment conforms with the views herein expressed, it follows that it is correct.

Judgment affirmed.