# United States Fidelity & Guaranty Co. v. Mayo Arcade Corporation et al.

(Decided March 9, 1934.)

(As Modified on Denial of Rehearing May 4, 1934.)

764

DYSARD, TINSLEY & PRICHARD and A. W. MANN, for appellant.

HANNAH, VANSANT & McKENZIE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The Mayo Arcade Corporation and the Cameron Arcade Company owned a building in the city of Ashland known as the Camayo Arcade. Harry Greenstein, doing business as Rogers & Co., leased a room in this building at an agreed monthly rental of $150, payable on the first day of each month. It was provided in the lease contract that, in the event Greenstein should cease doing business in the room rented by him and should vacate the same, or evince any intention of vacating same, the aggregate amount of rent accrued and to accrue under the terms of the lease contract should become due and payable, and the owners might institute proceedings for the recovery of the rent for the entire term.

Alleging a breach of the contract, the Mayo Arcade Corporation and the Cameron Arcade Company on December 5, 1930, instituted suit in the Boyd circuit court against Greenstein to recover the sum of $7,938.07, rent alleged to be due and to become due under the contract. They obtained a general order of attachment, and an attachment was levied on Greenstein's stock of merchandise consisting of jewelry. For the purpose of obtaining a discharge of the attachment, Greenstein executed a bond pursuant to section 221 of the Civil Code of Practice to the effect that he would perform the judgment of the court, and the attachment was discharged. The appellant, United States Fidelity & Guaranty Com-

pany, signed the bond as surety. So far as this record discloses, no further steps were taken in that proceeding until March 5, 1932, when the case was submitted upon an agreed statement of facts, and a judgment was entered in favor of the Mayo Arcade Corporation and the Cameron Arcade Company against Harry Greenstein for $4,701.73. On August 15, 1932, an execution was issued upon the judgment in the sum of $4,701.73, plus $20.70 court costs, subject to a credit of $760.83. The execution was returned "No Property Found." Thereupon the Mayo Arcade Corporation and the Cameron Arcade Company brought this action against the United States Fidelity & Guaranty Company on the bond executed in December, 1930.

The defendant filed an answer in which it pleaded the following affirmative defenses: (1) After the rendition of the judgment in the action wherein the bond sued on was executed, the plaintiffs and Greenstein entered into a written contract which novated the judgment. (2) By reason of the execution of said written contract plaintiffs were estopped from maintaining an action on the bond. (3) The written contract entered into between the plaintiffs and Greenstein extended the time for the payment of the judgment without the knowledge or consent of the surety, and by reason thereof the surety was released. Later an amended answer was filed in which the same defenses were pleaded more elaborately. A demurrer to the answer as amended was sustained, and, the defendant having refused to plead further, judgment was entered for the plaintiffs and the defendant appeals.

The contract which it is claimed novated the judgment and extended the time of payment was entered into on March 15, 1932, the day on which execution might have issued on the judgment, and is in the form of a proposition made by appellees and accepted by Greenstein, the judgment debtor. The contract was filed with the answer, and reads as follows:

"Ashland, Kentucky.

"March 15, 1932.

"Mr. Harry Greenstein, doing business as Rogers & Company.

"Dear Sir: A reference is made to the judgment of the Boyd Circuit Court entered this day in

the suit lately depending therein, wherein Mayo Arcade Corporation and Cameron Arcade Company were plaintiffs and you were defendant, and which judgment provides for the payment by you of the sum of $4,701.73, and costs, for which we may have execution on demand as provided by the terms of said judgment.

"In consideration of your having agreed to the entering of this judgment, and for the further consideration that if you shall pay said judgment in equal monthly installments of $150.00 each, payable on the 1st day of each month hereafter, commencing March 1st, 1932, together with the then accrued monthly light bills, we agree not to cause to be issued any execution upon said judgment or any balance thereof remaining unpaid except and until you shall be in default in the payment of any one monthly installment for a period of fifteen [15] days from and after the due date thereof; and we further agree that no interest shall be charged upon said judgment or any installment thereof until there shall be a default as hereinbefore provided, provided however, that no installment hereunder shall be deemed in default until written notice has been transmitted to you by us of your failure to pay upon the first of the month in which said default shall be accrued.

"It is further understood and agreed that this agreement is in no wise to be deemed or construed as a novation of the judgment herein, but to the contrary said judgment shall be in full force and effect as and from the date thereof until satisfied in full. We further agree that if said judgment shall be satisfied as stipulated herein that we will remit to you the amount of the premium of the bond given by you in the aforesaid action to perform the judgment of the court provided said premium does not exceed the sum of $300.00, and if said premium does not exceed the sum of $300.00, we will remit to you the amount of $300.00.

"It is further agreed and understood that your liability under the lease sued on in the aforesaid case is superseded by this judgment to be performed as herein stipulated.

"It is understood that your acceptance of this

proposition will be written on the carbon copy accompanying this letter and returned to us.

"Very truly yours,

"Mayo Arcade Corporation,

"Cameron Arcade Company

"By Hannah, VanSant & McKenzie, Attorneys

"Accepted this 15th day of March, 1932

"Harry Greenstein, doing business as Rogers & Co."

Whether or not this contract constituted a novation of the judgment or an estoppel against appellees we deem unnecessary to determine since we have concluded that it extended the time for the payment of the judgment without the consent of the surety, and that therefore the trial court erred in sustaining the demurrer to paragraph 4 of the answer which pleaded this as a defense. Counsel for appellees insist that there was no consideration for an extension of time for the payment of the judgment, and therefore the contract was not valid and did not discharge the surety. Before a surety is discharged by an agreement by the creditor to extend the time of the payment, the agreement for extension of time must be a binding enforceable contract supported by a valuable consideration and for a definite period. Bradford v. Union Trust Company, 242 Ky. 709, 47 S. W. (2d) 536, and cases therein cited.

While mere indulgence of the principal by the creditor will not operate to discharge the surety, yet, if an enforceable contract is entered into between the principal and the creditor which extends the time of payment and suspends the right of the creditor to collect the debt when due and prevents the surety from paying off the debt and subrogating himself to the creditor's rights or taking other steps to save himself from loss, the surety will be released. Daviess County Bank & Trust Company v. Wright, 129 Ky. 21, 110 S. W. 361, 33 Ky. Law Rep. 457, 17 L. R. A. (N. S.) 1122. The contract between appellees and Greenstein recited a valid and ample consideration for the extension of time for the payment of the judgment. It contained this clause:

"In consideration of your having agreed to the entering of this judgment and for the further consideration that if you shall pay said judgment in

equal monthly installments of $150.00 each, payable on the first day of each month hereafter, commencing March 1, 1932, together with the then accrued monthly light bills, we agree not to cause to be issued any execution upon said judgment or any balance thereof remaining unpaid except and until you shall be in default in the payment of any one monthly installment for a period of fifteen days from and after the due date thereof.''

The record in the case of Mayo Arcade Corporation et al. v. Harry Greenstein was ordered to be filed with and made a part of the record in this case in the court below, but it has not been made a part of the record on this appeal, and is not before us, and it is impossible to determine what pleadings were filed or what steps were taken in that case prior to the entry of the judgment on March 5, 1932, but the case remained upon the docket from the time the bond sued upon was executed in December, 1930, until the judgment was entered in March, 1932, and it is apparent from the contract itself that Greenstein consented to the entry of the judgment in consideration for the extension of time for its payment. It appears from appellant's answer that the original contract provided for the payment by Greenstein of the monthly bills for electric current consumed on the premises occupied by him in addition to the rental of $150 a month, but the amounts of the monthly light bills were not embraced by the judgment, and the obligation to pay them thereafter arises only under the contract of March 15, 1932, which extended the time of payment of the judgment.

While the appellant was a paid surety, and may not avail itself of the rule strictissimi juris which controls the liability of a gratuitous surety, yet it was the duty of appellees to refrain from doing anything which in law alters the position or liability of appellant. American Surety Company of New York v. Noe, 245 Ky. 42, 53 S. W. (2d) 178. When the contract of March 15, 1932, was entered into, the surety had the privilege of paying the judgment and being subrogated to the rights of appellees. Thus it was afforded an opportunity to protect itself from loss. By the contract of March 15, 1932, the appellees for a valid consideration deprived themselves of the right except under certain conditions to enforce the judgment according to its terms. Thus the surety was deprived of its right of subrogation, and

it could take no steps for its own protection against loss so long as the principal in the bond complied with the terms of the contract of March 15, 1932, which was entered into by appellees and the principal without the surety's consent. The agreement extending the time of payment of the judgment and preventing its enforcement according to its terms deprived the surety of a substantial right, and therefore released it from liability. Maryland Casualty Company v. Ballard County, 217 Ky. 343, 289 S. W. 316; Pond Creek Coal Company v. Citizens' Trust & Guaranty Company, 170 Ky. 601, 186 S. W. 494; Inland Navigation Company v. American Surety Company of New York, 190 Ky. 504, 227 S. W. 809; Barker v. Illinois Surety Company, 169 Ky. 441, 184 S. W. 377; Lewis' Administrator v. United States Fidelity & Guaranty Co., 144 Ky. 425, 138 S. W. 305, Ann. Cas. 1913A, 564.

It is argued that the appellant failed to plead that it had been prejudiced by the contract of March 15, 1932, and that therefore the demurrer to the answer was properly sustained. In an amended answer it was alleged in substance that Harry Greenstein at the time appellees instituted suit against him had the title to and was in the possession of a valuable stock of merchandise of the fair market value of more than $5,000, and when the bond sued on was executed he agreed that the appellant should be subrogated to the rights and liens of appellees on such stock of goods; that after the appellees entered into the contract of March 15, 1932, with Greenstein, and more than four months after the execution of the bond sued on, Greenstein was adjudged a bankrupt and his stock of merchandise was sold and the proceeds distributed among his other creditors. It was further alleged that the extension of time granted by appellees to Greenstein for the payment of the judgment deprived the appellant of its right of subrogation which existed at the time of the rendition of the judgment.

Paragraph 4 of the appellant's answer as amended presented a valid defense, and the court erred in sustaining the demurrer thereto. Wherefore the judgment is reversed for further proceedings consistent herewith.