## Maryland Casualty Co. v. Walker et al.

(Decided Dec. 11, 1934.)

398

WHEELER, WHEELER & SHELBOURNE for appellant.

JNO. A. MOORE and J. W. BLUE, Jr., for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

At the November election, 1929, B. F. Walker, Jr., was elected sheriff of Crittenden county, qualified as of the first Monday in January, 1930, by executing an official bond with the Maryland Casualty Company as surety. He settled with the state of Kentucky, Crittenden county, and various subtaxing districts on May 1, 1931, and, with the same surety, executed the sheriff's revenue bond required by section 4130, Kentucky Statutes. On the same date with the same surety, he executed bond of $20,000 as collector of taxes of the county and a separate bond for his collection of the special levy known as the road bond fund of the county. In July, 1931, the tax books for 1931 were delivered to him and he began to collect the taxes. He failed to account for, and pay to, the county and its subtaxing districts the taxes chargeable to him on or before the 1st day of May, 1932, and for this reason the county court declared his office vacant and appointed a new sheriff.

On the making the settlement for the 1930 revenues collected up to May 1, 1931, he borrowed from the Farmers' Bank & Trust Company, $10,000, executed his note therefor with J. A. Fowler and Robert G. Fowler, sureties, and applied the $10,000 so borrowed to the payment of the amount of the 1930 revenues that was due as per the settlement of May 1, 1931, and thus obtained a quietus.

This action was instituted in the Crittenden circuit court by the fiscal court, for the benefit of the county and subtaxing districts against Walker as sheriff and the Maryland Casualty Company as surety on his revenue bonds to recover the $14,450.28, the alleged bal-

ance of the revenues chargeable to Walker for the year 1931. They filed separate answer and counterclaim. That of the Maryland Casualty Company was made a cross-petition against the Farmers' Bank & Trust Company. It alleged that Walker had paid to the Farmers' Bank & Trust Company $10,030.28 out of the proceeds of the taxes collected after the same were collected and deposited in the Farmers' Bank & Trust Company. It charged that Walker had paid this sum in settlement of the $10,000 note which he individually owed the bank. The court decreed the fiscal court was entitled to the relief sought, and dismissed the cross-petition of the Maryland Casualty Company against the Farmers' Bank & Trust Company.

It is here insisting the $10,000 note evidenced Walker's individual indebtedness to the bank and that the revenues collected by him for the county and sub-taxing districts were applied by him to the payment of this obligation; that the bank had knowledge the funds which Walker had applied to the payment of his individual obligation were the proceeds of tax collections; that the taxes collected by him were, at the time, trust funds.

It is not disputed that the revenues of the county and subtaxing districts when collected by him were deposited in his individual name with the Farmers' Bank & Trust Company. He carried no account with it in his official name or capacity. It is not doubtful that the bank and its officials had knowledge of the depositing and paying out in his individual name the taxes collected by him. Nor is there room for doubt or reason for debate that, at the time he paid it the $10,-030.28, it knew this sum was the proceeds of taxes collected by him. It is equally certain that the proceeds of the $10,000 note were applied by Walker to the discharge or satisfaction of his liability as the collector of taxes to the county and subtaxing districts for taxes due them at the date of the execution and delivery of the note.

It is true that he was at that time a mere bailee and all taxes collected by him were trust funds in his custody as bailee. See Commonwealth, for Use and Benefit of McCreary County Board of Education, v. Walker, 246 Ky. 679, 55 S. W. (2d) 914; Denny v. Thompson, 236 Ky. 714, 33 S. W. (2d) 670; Breckin-

ridge County v. Gannaway, 243 Ky. 49, 47 S. W. (2d) 934; Jordon, County Atty., v. Baker, County Judge, 252 Ky. 240, 66 S. W. (2d) 84, 93 A. L. R. 813.

With this premise stated, it devolves upon us to determine the right of the Maryland Casualty Company to require the Farmers' Bank & Trust Company to restore the $10,030.28 to the trust fund, a portion of the proceeds of the taxes collected by Walker and deposited with it.

Fidelity & Deposit Co. of Maryland v. Commonwealth, 249 Ky. 170, 60 S. W. (2d) 345, involved the right of a surety who had paid the sheriff's indebtedness to the county and other taxing districts to be subrogated to the sum he had deposited to his credit as sheriff, which the bank had received in the payment of his individual debt, and to the bank's right to withhold the same from the surety upon its payment of his indebtedness to the taxing units, it was our conclusion that the bank, having knowledge of the sum deposited to the credit of the sheriff represented taxes collected by him, had no right to apply the fund on the individual debt of the sheriff or to withhold from the surety the fund deposited with the bank, and that, on the surety paying the indebtedness of the sheriff to the taxing units, it was entitled to be subrogated to their rights. Farmers' & Traders' Bank v. Fidelity & Deposit Co. of Maryland, 108 Ky. 384, 56 S. W. 671, 22 Ky. Law Rep. 22; Hill v. Fleming, 128 Ky. 201, 107 S. W. 764, 32 Ky. Law Rep. 1065, 16 Ann. Cas. 840.

There is a clear factual distinction between the pending case and the Fidelity & Deposit Co. of Maryland v. Commonwealth and Hill v. Fleming. In them, the trust fund was knowingly applied by the individual creditor of the trustee to the payment of the latter's individual obligation. No part of the sum in those cases was used for the benefit of the cestui que trust, but solely for the individual use of the trustee or bailee. In the present case the whole of the proceeds of Walker's $10,000 note to the bank was applied by him to the satisfaction of a liability then existing by virtue of the sheriff's obligation to account for the taxes due the taxing units and for which the surety company was also bound according to the terms of the revenue bonds. No part of it was applied to his individual use. In Farmers' & Traders' Bank v. Fidelity & Deposit Co. of Maryland, the trustee defaulted in the sum of $4,000.

The surety was compelled to discharge the obligation of its bond by the payment of the defaulted sum. We held that, the surety having been compelled to account to the cestui que trust for the amount of the trustee's defalcation to the estate, it was entitled to be subrogated to the right of the beneficiary. The facts were that a portion of the trust fund was applied to the payment of the individual debt of the trustee to the bank, and the remainder of the amount involved therein was used for the benefit of the cestui que trust. The sum which the surety was compelled to pay included the amount of the trust fund which was received by the bank on its debt against the trustee individually, and therefore not used for the benefit of the cestui que trust. The circuit court decreed the bank was entitled to be credited by the sum which had been actually paid by the trustee for the benefit of the cestui que trust out of the money borrowed from the bank. We approved this application of the principles of equity, since it conformed to, and was consistent with, the doctrine of subrogation.

It is axiomatic that, except for the borrowing from the bank of the $10,000 by Walker, for which he executed his note with sureties, and the applying the proceeds thereof to the payment of the taxes due the county and the subtaxing districts, his surety could have been compelled to account for the shortage of this amount. To require the bank to restore the $10,030.28 which it received of the taxes collected by Walker in satisfaction of its note, would be equivalent to awarding to the surety double benefit of the $10,000, which can find no support within the domain of inexorable justice, and the surety is not entitled to invoke the doctrine of subrogation to accomplish such unconscionable result.

"The doctrine of subrogation is pure equity, having foundation in principles of natural justice. It rests, not on contract, but on the natural principles of right and justice, when applied to the facts of the particular case, and includes every instance in which one who is not a volunteer pays the debt of another. Probst v. Wigginton, 213 Ky. 610, 281 S. W. 834; Louisville Trust Co. v. Royal Indemnity Co., 230 Ky. 482, 20 S. W. (2d) 71. It is applied only when necessary to bring about equitable adjustment of a claim founded on right and natural justice." Vance et al. v. Atherton et al., 252 Ky. 591, 67 S. W. (2d) 968.

In Louisville Joint Stock Land Bank .v. Bank of Pembroke, 225 Ky. 375, 9 S. W. (2d) 113, 115, we said:

> "It is generally held that the right of subrogation will arise where the party claiming he has advanced money to pay a debt which, in the event of default by the debtor, he would be bound to pay; or where the one making the payment had some interest to protect; or where the money advanced to pay the debt was under an agreement with the debtor, or the creditor, express or implied, that he should be subrogated to the rights and remedies of the creditor."

See Illinois Surety Co. v. Mitchell, 177 Ky. 367, 197 S. W. 844, L. R. A. 1918A, 931; Probst v. Wigginton, supra. It is an established rule that subrogation is only allowed where there is some equitable reason for it. Jones v. Louisville Tobacco Warehouse Co., 135 Ky. 824, 121 S. W. 633, 123 S. W. 307. Also it must be enforced with due regard to rights of others, and cannot be invoked to work injustice or to defeat the legal right or superior equity or displace intervening rights. Probst v. Wigginton, supra. It is to be applied when necessary to bring about an equitable adjustment between parties, and not to work manifest injustice. Godfrey v. Alcorn, 215 Ky. 465, 284 S. W. 1094, 51 A. L. R. 925; Wm. Burford & Co. v. Glasgow Water Co., 223 Ky. 54, 2 S. W. (2d) 1027, 62 A. L. R. 1195; Louisville Trust Co. v. Royal Indemnity Co., 230 Ky. 482, 20 S. W. (2d) 71; Baskett, Nichols & Norment v. Rudy, 186 Ky. 208, 217 S. W. 112.

At the time Walker executed and delivered his note to the bank, obtained the $10,000, and applied it to the payment of taxes due the county and the subtaxing districts, he asserted, and informed the bank there were due and uncollected taxes for 1930 amounting to a sum largely in excess of the $10,000. He promised the bank that, as soon as they were collected, he would pay the $10,000 note out of the proceeds. These and other developed facts entitle the bank to the protection of intrinsic equity as against the right of the surety to avail itself of the doctrine of subrogation.

The decree of the circuit court dismissing the cross-petition of the Maryland Casualty Company was authorized by the facts and is in harmony with the ancient principles of equity.

Wherefore the judgment is affirmed.