## SILVER FLEET MOTOR EXP., Inc., et al. v. ZODY.

### No. 100.

District Court, E. D. Kentucky, London.

Feb. 25, 1942.

R. W. Keenon and Ben L. Kessinger, both of Lexington, Ky., and Logan E. Patterson, of Pineville, Ky., for plaintiffs.

Golden & Lay, of Pineville, Ky., for defendant.

FORD, District Judge.

The defendant's motion to dismiss presents the question whether indemnitors, having paid a judgment rendered against their principal for an injury to a third person which resulted from concurrent negligence for which both their principal and the defendant were vicariously liable as joint tort-feasors are subrogated to the statutory right of their principal to enforce contribution from the defendant on account of having satisfied the common liability.

Since it is established in Kentucky that where the wrong is a mere act of negligence and involves no moral turpitude, Section 484a of Kentucky Statutes confers the right of contribution as between parties whose liability as joint tort-feasors arises from their relationship to the wrongdoers, Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086, the problem here is narrowed to the question of the right of subrogation to the statutory remedy.

The defendant contends that, since the statute providing that "contribution among wrong doers may be enforced" is in derogation of the common law and must be strictly construed, its operation is limited to "wrong doers" and no others may exercise or enforce any right under it.

While the statute confers the substantive right of contribution it is not the source of the right of subrogation. The right of an indemnitor to be subrogated to the rights and remedies of his principal whose liability he has satisfied stands entirely upon principles of equity, and is not derived from the statute. National Surety Corp. v. First National Bank, 278 Ky. 273, 128 S.W.2d 766, and Movl Const. Co. v. Covington Tr. & Banking Co., 258 Ky. 485, 80 S.W.2d 560.

In 13 Am.Jur., §58, page 53, it is said: "Where an indemnitor or insurer of one joint tort-feasor discharges the common liability, he may ordinarily bring an action for contribution from the other joint tort-feasors or their indemnitors in any case where the indemnitee, if he should make the payment, could do so, since the indemnitor in such a case is regarded as subrogated to the rights of the indemnitee."

The indemnitor having discharged the liability of his principal succeeds to whatever rights and remedies his principal had to enforce contribution, whether derived from the statute or from the common law. In this respect no distinction is made between compensated and gratuitous indemnitors. National Surety Corp. v. First National Bank, supra; Underwriters v. Smith, 166 Minn. 388, 208 N.W. 13; Western Casualty & S. Co. v. Milwaukee General Const. Co., 213 Wis. 302, 251 N.W. 491.

The motion to dismiss should be overruled.