**PAYNE v. STANDARD ACC. INS. CO.**
Court of Appeals of Kentucky.
Feb. 15, 1952.

Rehearing Denied June 19, 1953.

**492**

P. H. Vincent, Ashland, for appellant.
Malin & Johnson, Ashland, for appellee.

CLAY, Commissioner.

This controversy involves the limitation period within which a surety on a contractor's bond may sue his principal for reimbursement. Appellee sought recovery of some $5,000 it had paid as surety on an obligation of appellant. This payment was made in 1943, and appellee did not proceed against appellant until 1950. The five year statute of limitations was pleaded. KRS 413.120. The trial court sustained a demurrer to this plea, and entered judgment for appellee.

Appellant, a contractor, in 1930 had entered into a written agreement with the City of Ashland to perform certain construction work. The contract provided the contractor would indemnify the city against loss or liability arising out of the work performed, and recited the execution of a bond to insure compliance. Appellant was principal and appellee was surety on this bond, which bound them to comply with the terms of the contract.

In 1932 a materialman named Williamson, who had furnished materials to appellant, instituted suit against him to recover on open account, and in that suit a lien was asserted against the property of the city. A default judgment was taken against appellant in 1933. In 1941 a judgment was entered against the city upholding the lien. Thereafter, when this latter judgment was affirmed in 1943, appellee paid Williamson the amount of his claim with interest.

Appellee was under no direct obligation to pay Williamson. However, it could not be considered a volunteer in making this payment because if the city had satisfied the claim it would then have had a right to recover from both appellant and appellee. We then may say that in substance appellee paid a debt of appellant, the principal, which the principal owed the city. No assignment was made to appellee.

The generally accepted rule is that where a surety pays the debt of his principal, his remedy is an action upon an implied contract of indemnity, and the limitation period is fixed by the statute governing such contracts. 50 Am.Jur., Suretyship, Section 243; 140 A.L.R. 892. This rule has been applied in this state. Fidelity & Deposit Co. of Maryland v. Sousley, 151 Ky. 39, 151 S.W. 353.

In Porter v. Bedell, 273 Ky. 296, at page 297, 116 S.W.2d 641, at page 642, we said:

"When a surety pays his principal's obligation without taking an assignment thereof, his cause of action against his principal is based on an implied obligation to pay and is therefore barred by the five-year statute of limitations."

If this principle is applicable, the plea of the statute of limitations should be upheld because appellee waited seven years before asserting his right of reimbursement against appellant. However, appellee contends that under the doctrine of subrogation the surety paying an obligation of his principal stands in the shoes of the creditor and should be able to invoke all of his rights and remedies. This broad principle

has often been acknowledged. See Illinois Surety Company v. Mitchell, 177 Ky. 367, 197 S.W. 844, L.R.A. 1918A, 931; National Surety Corporation v. First Nat. Bank of Prestonsburg, 278 Ky. 273, 128 S.W.2d 766; and 50 Am.Jur., Subrogation, Section 49. It is necessary for appellee to invoke this doctrine in order to base its claim upon the written contract between appellant and the city, to which the 15 year statute of limitations applies. KRS 413.090.

The doctrine of subrogation is an equitable one and its application depends on the facts in each particular case. It has been held broad enough to include every instance in which a person other than a volunteer pays a debt which in justice and equity ought to be paid by another. Probst v. Wigginton, 213 Ky. 610, 281 S.W. 834. It is recognized that the payment of an obligation by a surety ordinarily entitles him to subrogation to all of the rights, remedies and equities of the obligee. National Surety Corporation v. First Nat. Bank of Prestonsburg, 278 Ky. 273, 128 S.W.2d 766.

However, the record fails to show any equities in appellee's favor. In order to have protected all of its rights and to have recovered from appellant it was not necessary that it invoke any remedy provided by the written contract between appellant and the city. No property or other security is involved. The written contract afforded appellee no better right to be reimbursed than did the implied contract. Therefore, appellee's insistence on subrogation is not to furnish him a better or different remedy or to protect any equity, but only to avoid appellant's plea that his claim is barred by the statute of limitations. This is an extreme extension of the doctrine of subrogation.

While there is some conflict in the authorities, it has been held that the right to subrogation is an incident of the main right which a surety may have against his principal, and if the implied obligation of the principal is no longer effective because barred by the statute of limitations, the right to subrogation is likewise extinguished. As stated in Burrus v. Cook, 215 Mo. 496, 511, 114 S.W. 1065; Id., 117 Mo. App. 385, 93 S.W. 888, 895:

"When the question is looked at from the standpoint of the surety's right of action, it is quite a plain one. His right of action, as a matter of course, is the foundation upon which he must recover. His right to subrogation is merely an aid to his right of action. His right of action is not based on an actual contract or promise of the principal debtor, or his co-surety, for none his been made. It is based on an implied promise, which the law raises up from principles of natural justice and right—that is, a promise which the law implies has been made to him when he becomes surety that he, the principal, will reimburse him for what he may have to pay, or, in case of a co-surety, for what he pays over his proportion, by reason of the suretyship. His right to subrogation is only one of the means of obtaining reimbursement. It is an incident to his main right. Without such obligation, there would not, of course, be a right to subrogation. So, when the obligation is no longer effective, the right to subrogation is destroyed. The statute reads that it shall not be an effective obligation unless asserted within five years. And this is true whether the right of the surety arises from an implied contract or from natural justice and equity."

That principle was confirmed in the case of Krebs v. Bezler, 338 Mo. 365, 89 S.W.2d 935, 103 A.L.R. 1177. See also Farmers Loan & Trust Co. of N. Y. v. Wilcox County, Ga., D.C.Ga.1924, 298 F. 772; Ault v. Adamson, 1916, 66 Pa.Super. 374; and Seibert's Estate, 1897, 4 Pa.Super. 514, 40 Wkly.Notes Cas. 278.

In Letton's Adm'r, v. Rafferty, 154 Ky. 278, 157 S.W. 35, 36, the plaintiff claimed the right to be subrogated to a mortgage lien which she had satisfied to protect her interest in certain real estate. It was held that since she failed to take an assignment of the mortgage or the notes, she did not acquire a lien on the land and her claim "was necessarily barred by the five-year

statute of limitations". In Joyce v. Joyce's Adm'r, 1 Bush 474, 64 Ky. 474, a surety had paid certain judgments against his principal and claimed to be subrogated to the rights and remedies of the judgment creditors. It was held that the law did not automatically entitle him to the assignment of the demands and that a failure to procure an assignment until after the implied promise had been barred effectively cut off the claim.

■■■ It will thus be observed from the foregoing authorities that the right of subrogation does not exist independently of the right to reimbursement on the basis of implied contract, and the equitable remedy will not be enforced as a matter of course. Courts of equity, as well as of law, must respect the limitation periods prescribed by statute. It may be in some cases that a surety could acquire a superior right of subrogation which would transcend the bar raised by the limitation on enforcement of the implied contract, but this is not such a case.

■■ As before noted, appellee is not asserting anything but a right to reimbursement, which it had by virtue of implied contract. Appellee simply slept on its legal rights, and from an equitable standpoint was guilty of laches. We fail to find any equitable factors in appellee's favor which would justify our extension of his legal remedy under the doctrine of subrogation beyond the period fixed by the statute of limitations for the enforcement of that remedy. The loss of its claim by limitation presents no inequity not common to all persons who sleep on their legal rights.

Under the circumstances shown by this record, we are of the opinion that appellee's claim was barred by the statute of limitations, and the trial court erroneously sustained a demurrer to this defense.

The judgment is reversed for consistent proceedings.