## NON–MARINE UNDERWRITERS AT LLOYD'S LONDON, Appellant,

v.

## CARRS FORK COAL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Dec. 15, 1967.

Armer H. Mahan, Louisville, for appellant.

H. Garland Wells, H. Hoover Haynes, Hazard, for appellees.

MILLIKEN, Judge.

Appellants were sureties on self-insurer's bonds of a Kentucky employer, Carrs Fork Coal Company. The employer was placed in receivership and at that time there were outstanding obligations of the employer to some of its employees and dependents of deceased employees for benefits under the Workmen's Compensation Act. In discharge of their legal obligations, as sureties on the self-insurer's bonds of the insolvent employer, the appellants paid the compensation claims.

In the trial court, entitlement to any priority status has been denied the sureties, that court holding, in effect, that the sureties were entitled to reimbursement from the general assets of the Carrs Fork Coal Company as indemnitees only and on a level with common creditors, rather than as preferred creditors as subrogees of the compensation claims paid as surety for the employer.

Both from the standpoint of the common law and the statutes, a surety has a right to indemnity from a principal. KRS 412.080 provides:

"If a surety pays any part of a debt or liability for which he is bound as surety, he may recover the amount * * * from the principal."

Consequently the question is not whether the surety can recover at all, but whether he can do so by being subrogated to the claim right of a compensation creditor of the principal after the surety has satisfied, on behalf of the principal, the compensation claim of the creditor. In an early case, Lewis' Administrator v. United States Fidelity and Guaranty Company, 144 Ky. 425, 138 S.W. 305, at p. 306 (1911) the court stated:

"At common law, it is well settled that one who is compelled to pay the debt of another is entitled to be substituted to the rights of the creditor. * * *

The general rule is that a surety who pays the debt of his principal will be subrogated to all the securities, liens and equities, rights, remedies and priorities held by the creditor against the principal, and entitled to enforce them against the latter in a court of equity or of equitable jurisdiction."

A more recent case, Payne v. Standard Accident Insurance Company, Ky., 259 S.W. 2d 491 (1952) states as dictum that:

"It is recognized that the payment of an obligation by a surety ordinarily entitles him to suborgation to all of the rights, remedies and equities of the obligee."

Language to this effect is also found in National Surety Corporation v. First National Bank, 278 Ky. 273, 128 S.W.2d 766, p. 769 (1939).

The trial court held that KRS 342.180 barred Non-Marine from succeeding to any of the priority rights the workmen's compensation claimants might have had against the Carrs Fork Coal Company by virtue of KRS 342.175 which gives them preferred claims.

KRS 342.175 states that:

"All rights of compensation granted by this chapter shall have the same preference or priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages for labor." (KRS 376.170, priority for wages.)

KRS 342.180 reads:

"No claim for compensation under this chapter shall be assignable; and all compensation and claims therefor shall be exempt from all claims of creditors."

Counsel for Non-Marine argues that the purpose of KRS 342.180 was "to protect the claimant from his own improvidence", thereby further insuring the effectiveness of workmen's compensation as social legislation, and he points to the fact that the statute exempts all compensation and claims from claimant's creditors. He contends that where the claimant has been paid his claim in full, the provision against assignability has no application. We think counsel is correct in his contention.

We conclude, therefore, that appellants are subrogees of claims which "have the same preference or priority * * * as is allowed by law for any unpaid wages for labor". The losing party here would have been in the same position if the wage claims had been paid directly from the assets of the company in the first place.

The judgment is reversed.

All concur.